MATTER OF PIZARRO

In Visa Petition Proceedings

A-17176989

*Decided by Regional Commissioner November 20, 1967*

Beneficiary/petitioner, who has an undergraduate degree (B.S.) in psychology, is not solely by reason of such degree a member of the professions within the meaning of section 101(a)(32) of the Immigration and Nationality Act, as amended, and, therefore, is ineligible for preference classification under section 203(a)(3) of the Act, as amended, as a psychologist.

ON BEHALF OF PETITIONER: Hiram W. Kwan, Esquire
1011 N. Broadway, Suite 203
Los Angeles, California 90012

This case comes forward on appeal from the decision of the District Director who denied the petition on September 14, 1967 in that petitioner/beneficiary did not meet the minimum educational requirements for recognition for professional status in the field of psychology.

Oral argument was requested and granted. Counsel for petitioner appeared as scheduled.

The petitioner is a 26-year-old single female, a native and citizen of the Philippines. She was admitted to the United States at Honolulu, Hawaii on October 24, 1965 as a visitor and received extensions of stay in that status to April 23, 1967. On April 6, 1967 she filed the present petition in her own behalf for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as amended, as a psychologist.

The record shows that the petitioner graduated from the University of Santo Tomas, Manila, Philippines on March 24, 1961 with a Bachelor of Science degree in psychology. She then entered the school of medicine for one semester and then dropped out. She claims that she subsequently enrolled for graduate work in psychology but also dropped that. She has presented evidence to indicate that from November 22, 1960 to June 30, 1961 (six months) she was a clinical

psychology intern in Quezon City, Philippines. From February 1965 to October 1965 she was employed as a receptionist with an insurance company in the Philippines.

On appeal counsel presented a registration card issued to the beneficiary for the year 1967 by the State of California Department of Public Health showing that she is registered as a "clinical laboratory technologist trainee". Counsel argued that a Bachelor of Arts degree in psychology was enough to qualify the beneficiary as a professional and stated that there were numerous occupations in which it had been determined that a baccalaureate degree in a given field qualified such person for professional status and that advanced degrees were required only for highly specialized work. He stated that credit should be given to the fact that she had six months internship, 12 units in medicine and had started graduate work in psychology, which she later dropped.

The certification by the Secretary of Labor pursuant to section 212 (a) (14) of the Act has been issued.

Section 203(a) (3) of the Immigration and Nationality Act provides for the issuance of visas "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States".

Section 101(a) (32) states: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

The occupation of psychologist is not included in section 101(a) (32) of the Act quoted above. The issue to be decided in this case is whether the petitioner, by reason of her having acquired an undergraduate degree in psychology, will qualify her for recognition as a member of the professions.

In the *Matter of Asuncion* decided by the Regional Commissioner, May 17, 1966, Int. Dec. No. 1600, it is stated:

Examination of the occupations named in section 101(a) (32) of the Act indicates the following characteristics common to all: (1) Recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

Thus, not every individual who is graduated from an accredited college or university is classifiable as a member of the professions. If the degree or diploma he obtains equips the individual to enter an occupation for which the attainment of the degree or diploma is not a realistic prerequisite, that occupation may not be considered to be a profession. Also, if the degree or diploma obtained is so avoca-

tional in nature that it does not provide the recipient with a background which can be accepted as a realistic qualification for a specific position, the recipient would not be classifiable as a member of the professions on the basis of his educational attainment.

While the acquisition of a baccalaureate degree is a minimum academic requirement for recognition as a member of the professions, the acquisition of such a degree does not automatically and by itself make the holder a member of the professions. Some occupations require a degree above the level of a baccalaureate degree to qualify as a professional in their field of study. The definition of professional, quoted above, includes doctors and surgeons and it is well established that a baccalaureate degree alone will not qualify a person as a doctor or surgeon and that advanced degrees are a requisite for recognition in the professions of medicine and surgery.

In the *Matter of Shih*, decided by the District Director, September 13, 1966, Int. Dec. No. 1653, it is held that for recognition as a member of the professions as a librarian a master's degree is required and that a baccalaureate degree is inadequate for such recognition.

In the *Matter of Roldan*, decided by the District Director, October 14, 1966, Int. Dec. No. 1660, it was held that to qualify as a professional dietitian a baccalaureate degree was not in itself adequate but that a master's degree was required or a baccalaureate degree plus one year's internship in a program approved by the American Dietetic Association.

The Occupational Outlook Handbook published by the Department of Labor states:

Generally, the master's degree with a major in psychology is the minimum educational requirement for professional employment in the field. Psychologists with this degree can qualify for positions where they administer and interpret psychological tests, collect and analyze statistical data, aid research experiments, and perform routine administrative duties. In addition, they may teach in colleges, help counsel students or handicapped persons, or—if they have had previous teaching experience—act as school phychologists or counselors. (See statements on School Counselors and Rehabilitation Counselors.) Because of the current shortage of psychologists, applicants who have only a bachelor's degree with a major in psychology may be employed for certain jobs in work related to psychology, or in other fields where training in psychology is helpful, as in administration.

It is noted that the statement is made that applicant, with a bachelor's degree with a psychology major, may be employed in relating fields or where psychology training is helpful. This employment, however, does not give these employees recognition as professional psychologists by reason of their baccalaureate degree or by the nature of their employment.

321-654—69——36

The Occupational Handbook, previously mentioned, also states under the heading of "Employment Outlook":

Employment opportunities for psychologists with doctor's degrees will probably continue to be excellent through the mid-1970s. Psychologists with master's degrees are likely to be in considerable demand but their opportunities for full professional employment will be less favorable than those with the Ph.D. degree.

No mention is made of any undergraduate degrees which indicates that full professional status is considered only for those people with advanced degrees.

Volume II, Dictionary of Occupational Titles, Third Edition, published by the United States Department of Labor places all occupations in psychology in the three digit code group of 045 and in the "life sciences" group, and states that occupations in psychology includes occupations concerned with the collection, interpretation, and application of scientific data relating to human behavior and mental processes. Activities are either in the applied fields of psychology or in basic science fields and research. The three digit code group of 045 (occupations in psychology) are further broken down into specialized fields of psychology and the code group 045.088 and 045.108. In the 045.088 group are included psychologist—comparative, psychological, experimental, developmental, educational, engineering and social. In the 045.108 group are included psychologist—clinical, industrial, personnel, school and counseling.

The Dictionary of Occupational Titles, Volume II, in discussing the academic training required for recognition as psychologist in code group 045.088 states:

Generally, a master's degree is the minimum requirement for professional employment in psychology or in any of the social sciences in this group. Those social scientists with this degree qualify for college instructorships in some schools and many nonteaching positions in government and industry. Psychologists with this degree, however, mainly assist in laboratory experiments, statistical analysis, and construction of tests. In some social sciences, such as anthropology, training in the field is a requirement for the master's degree.

In most schools a Ph.D. is the usual requirement for a faculty position and for the more responsible administrative and research positions. Three to six years of graduate work, and, in some cases, 1 year of internship is usually sufficient to obtain a doctorate.

For the most part, a bachelor's degree is not adequate preparation for entrance into professional employment in any of the social sciences or in psychology. Some graduate schools offer temporary positions and assistantships to persons working on advanced degrees, and some private firms accept economists with this degree and train them in management. Many entry applicants without a graduate degree obtain beginning routine research and administrative positions in government and industry in their respective fields.

It also discusses the academic requirements for those occupations in psychology under code group 045.108 which are involved in guidance and counseling and states:

A college degree is the minimum requirement for entry into this field. In most cases, education beyond the 4-year college level is required, varying according to the individual situation.

Most municipal and State governments and private organizations require 2 years of graduate study from applicants who are interested in pursuing social work as a career.

Openings in school-counseling work are usually available to individuals who have State teaching certificates and special certificates for school counseling. Most States issue counselor certificates, only to people with a master's degree or the equivalent in counselor education, as well as actual teaching experience.

A graduate degree in psychology serves as an excellent qualification for entry into numerous positions, particularly those in industry.

In both code groups 045.088 and 045.108, which includes the occupations in psychology, the "SVP" (specific vocational preparation) time is rated at from two to ten years.

The profession of psychologist deals with the complex matters of mental and social behavior of an equally complex society. The holder of an undergraduate degree in psychology may not be classed as a member of the professions solely by reason of such a degree. While such persons may be employed in occupations which utilize their academic preparation, such persons are not classed as professional psychologists. A graduate degree or professional experience the equivalent of a graduate degree for recognition as a member of the professions in the field of psychology is needed. The petitioner in the instant case does not have a graduate degree in psychology and has only six months internship in clinical psychology, three months of which were served during the last semester of school year in which she earned her undergraduate degree. It is concluded that the petitioner does not have the high level of academic training or experience to qualify as a member of the professions. The decision of the District Director was proper. The petitioner is not eligible for the preference classification sought. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be dismissed.