MATTER OF LLAGAN

In Visa Petition Proceedings

A–18483869

*Decided by Regional Commissioner December 18, 1968*

Since a Master's degree in criminology or its equivalent is the minimum re-
quirement for professional classification as a criminologist within the
meaning of section 101(a)(32) of the Immigration and Nationality Act, as
amended, beneficiary, who has only an undergraduate degree in that field,
does not qualify as a member of the professions and is ineligible for pref-
erence classification under section 203(a)(3) of the Act, as amended, as a
criminologist.

ON BEHALF OF PETITIONER:  A. W. Hargreaves, Esquire
599 Washington Street
San Francisco, California 94111

This case comes forward on appeal from the decision of the
District Director, San Francisco, who denied the petition on No-
vember 13, 1968 in that the petitioner, having only an undergrad-
uate degree in criminology, did not qualify as a member of the
professions as a criminologist and was therefore not eligible for
preference classification under section 203(a)(3) of the Immigra-
tion and Nationality Act, as amended.

Oral argument was requested and granted. Counsel appeared as
scheduled.

The petitioner is a 33-year-old single male, a native and citizen
of the Philippines who was admittted to the United States as a
visitor for pleasure on September 6, 1967 and received extensions
of stay in that status to June 6, 1968. He filed the present peti-
tion for classification under section 203(a)(3) of the Act on April
30, 1968 as a member of the professions as a criminologist to
seek work in that occupation in the San Francisco area.

The record shows that the petitioner graduated from a theolog-
ical school in the Philippines in March 1957, subsequently en-
rolled in another colllege in the Philippines from which he gradu-
ated on June 22, 1967 with a Bachelor of Science degree in

criminology and forensic science. The record shows that prior to coming to the United States petitioner had been employed as a minister of religion from May 1959 to June 1960, as a file clerk for a gas refining firm from August 1963 to September 1965, and as an investigator for a law office from October 1965 to August 1967. Since arrival in the United States, he has been employed variously as a car washer, an inventory clerk, a house-to-house soap-sample distributor, and stock clerk for a hospital. None of his past work experience has been as a criminologist.

The Department of Labor, pursuant to section 212(a)(14) of the Act, has issued a labor certification for the position of "criminologist" under Schedule C, Group II of 29 CFR 60 with a generic code of 054.088.

Section 203(a)(3) of the Act provides that visas shall be made available "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests or welfare of the United States."

Section 101(a)(32) of the Act, as amended, defines the term "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries.

In the *Matter of Asuncion*, 11 I. & N. Dec. 660, it is stated:

Examination of the occupations named in section 101(a)(32) of the Act indicates the following characteristics common to all: (1) recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree of diploma is usually the minimum requirement for entry into those occupations.

The *Matter of Pizarro*, decided by the Regional Commissioner November 20, 1967, 12 I. & N. Dec. 537, states:

While the acquisition of a baccalaureate degree is a minimum academic requirement for recognition as a member of the professions, the acquisition of such a degree does not automatically and by itself make the holder a member of the professions. Some occupations require a degree above the level of a bacaalaureate degree to qualify as a professional in their field of study. The definition of professional, quoted above, includes doctors and surgeons and it is well established that a baccalaureate degree alone will not qualify a person as a doctor or surgeon and that advanced degrees are a requisite for recognition in the professions of medicine and surgery.

There are various Service Interim Decisions that hold that certain given occupations require academic preparation beyond the undergraduate level for recognition as a member of the profes-

sions. These include *Matter of Shih,* 11 I. & N. Dec. 847, librarian; *Matter of Shao,* 11 I. & N. Dec. 845, economist; *Matter of Roldan,* 11 I. & N. Dec. 869, dietician; *Matter of Che,* 12 I. & N. Dec. 146, social worker; and *Matter of Pizarro,* 12 I. & N. Dec. 537, psychologist.

Volumes I and II of the *Dictionary of Occupational Titles,* published by the Department of Labor shows that the occupation of criminologist falls within the professional and kindred occupations in social science and sociology in the initial three digit code group of 054 and defines "criminologist" as "specializes in research on relationship between criminal law and the social order and in causes of crime."

The supplement to the *Dictionary of Occupational Titles,* also published by the Department of Labor, shows that all occupations listed under the initial three digit code of 054 have the same three digit terminal code of .088. Volume II of the *Dictionary* in discussing the academic training required for recognition as a profession of those occupations in the code of 054.088 states:

Generally, a Master's degree is the minimum requirement for professional employment in psychology or in any of the social sciences in this group, (including criminologist). For the most part, a Bachelor's degree is not adequate preparation for entrance into professional employment in any of the social sciences or in psychology.

It is further noted that the professional occupations of psychologist and economist, which the Service has already found to require academic preparation beyond the baccalaureate level, also are in the terminal three digit code of .088 the same as the "criminologist."

Furthermore, the *Occupational Outlook Handbook,* also published by the Department of Labor, states in relation to sociologist, including criminologist: "A Master's degree with a major in sociology is usually the minimum requirement for employment as a sociologist" and that "young people with only a Bachelor's degree in sociology are not recognized by the professions."

Counsel on appeal argued that the petitioner has more than an undergraduate degree in criminology, that the 196 hours leading to his Bachelor's degree was more than required for that degree and argued further that petitioner's degree in theology also should be considered as being supplemental to his baccalaureate degree in criminology. However, we hold that a mere volume of undergraduate credits cannot be equated with graduate courses and that two undergraduate degrees cannot be equated with a graduate degree.

Considering all the factors in this case, we find that the occupation of criminologist, dealing with specialized research and the critical analysis of the relationship of cultural patterns and social organizations to criminal law, maladjustment, and causes of crime, is too complex and sophisticated to give recognition as a member of the professions as a "criminologist" to a person other than one who has a minimum of a Master's degree in that field.

The decision of the District Director was proper. The petitioner, having only an undergraduate degree in criminology, is not qualified for recognition as a member of the professions as a criminologist. The appeal will be dismissed.

ORDER: It is ordered that the appeal be dismissed,