## MATTER OF SHIN

### In Visa Petition Proceedings

### A-10522708

*Decided by District Director January 16, 1966*

Since "profession" as defined by section 101(a)(32) of the Immigration and Nationality Act, as amended by P.L. 89-236, contemplates knowledge or learning—not merely skill—of an advanced type in a given field gained by a prolonged course of specialized instruction and study of at least baccalaureate level, which is a realistic prerequisite to entry into the particular field of endeavor, and since a financial economist is a member of the professions within the meaning of that section, a visa petition is approved to accord beneficiary, a qualified financial economist, preference classification under section 203(a)(3) of the Act, as amended.

The petition was filed to classify the beneficiary as a preference immigrant under subsection 203(a)(3) of the Immigration and Nationality Act, as amended, as a member of the professions, based upon his qualifications as a financial economist.

The beneficiary is a 31-year-old citizen of Korea, presently in the United States. Evidence has been presented that he received a master's degree in economics from the University of Illinois in August 1961. He was employed as a financial economist by A. H. Gruetzmacher and Company, Mortgage Bankers and Financial Consultants, Chicago, Illinois, from September 1961 to September 1963. The beneficiary has been studying for a doctorate degree in finance at the University of Illinois since September 1963.

The Department of Labor has issued a certification pursuant to subsection 212(a)(14) of the Act, as amended. The certification is to the effect that there are not sufficient qualified financial economists available in the United States and that the employment of such economists will not adversely affect wages and working conditions of workers in the United States similarly employed.

The questions to be resolved to determine whether the beneficiary is entitled to the preference sought are: (1) is a financial economist a member of the professions and (2), if so, do the beneficiary's qualifications meet the requirements for that vocation.

Subsection 101(a)(32) of the Act, as amended, provides that: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, and teachers in elementary and secondary schools, colleges, academies or seminaries." As the foregoing is not all-inclusive and is illustrative rather than descriptive, it is necessary to evaluate the term "profession" in a definitive sense based on the general character of the professions specifically recognized to ascertain whether a given activity not named therein may be included, within the intendment of the Act.

The word "profession" originally contemplated only theology, law and medicine, but as applications of science and learning are extended to other departments and affairs, other vocations also receive the name, which implies professed attainments in special knowledge as distinguished from mere skill [1].

*Webster's New International Dictionary* contains, among others, the following definition of "profession":

The occupation, if not purely commercial, mechanical, agricultural or the like, to which one devotes oneself: a calling in which one professes to have acquired some special knowledge used by way either of instructing, guiding, or advising others or of serving them in some art; as, the profession of arms, of teaching, of chemist.

In short, it refers to a status which requires knowledge of an advanced type in a given field of science or learning gained by a prolonged course of specialized instruction and study [2].

In addition to the foregoing, a guideline to what constitutes a "profession" within the meaning of the Act is found in a characteristic common to each of the vocations named in the subsection under reference. That common denominator is the fact that all require specialized training that is normally attained through high education of a type for which at least a bachelor's degree can be obtained, or through equivalent specialized instruction and experience in lieu thereof. An example of the latter lies in the field of law wherein many members of that profession have obtained their knowledge through the medium of intensive work, instruction and study in that activity under the direction and guidance of members of that profession.

To summarize, the vocations included in the term "profession" in our modern highly industrialized society are constantly expanding, consistent with the greater knowledge and specialized training that such a society demands. These could well include, in addition to various scientific fields, highly specialized activities in business ad-

---

[1] *United States* v. *Laws*, 163 U.S. 258, 266.
[2] *Traub* v. *Goodrich*, 143 N.Y.S.2d 334, 335; 286 App. Div. 927.

ministration, finance, journalism and the like provided that the particular activity required at least a baccalaureate level of special knowledge, not merely skill. The mere acquisition of a degree or equivalent experience does not, of itself, qualify a person as a member of a "profession". The knowledge acquired must also be of nature that is a realistic prerequisite to entry into the particular field of endeavor.

The definition of "financial economist" is given in the *Dictionary of Occupational Titles* [3] as follows:

Studies nature of money, credit, and credit instruments, and operation of banks and other financial institutions to develop monetary policies and to forecast financial activity: Investigates credit structures and credit collection methods to improve them. Examines banking methods and procedures to devise techniques for regulation of lending and fixing of interest and discount rates. Studies money exchanges to recommend or establish domestic and international monetary policies. Investigates relationship between quantity of money, credit, and purchasing power to find methods for establishing and maintaining desirable balances.

Financial economics is one of the social sciences and the qualifications for professional employment in that field are also discussed in the *Dictionary of Occupational Titles, supra* [4], which states that, generally, a master's degree is the minimum requirement for entry into that field and that scientists with this degree qualify for college instructorships in some schools and many nonteaching positions in Government and industry. It adds that in most schools a Ph.D. is the usual requirement for faculty positions and for the more responsible administrative and research positions. It further indicates that, for the most part, a bachelor's degree is not adequate preparation for entrance into that field, although supplemental study and training may later qualify an individual for entry therein. The latter also applies to entry applicants without a graduate degree.

On the basis of all of the foregoing, we find that a financial economist requires highly specialized knowledge of an advance type and is a member of the professions within the meaning of the Act. We further find that the beneficiary is qualified as a member of that profession.

Accordingly, the petition will be approved.

ORDER: It is ordered that the petition be and the same hereby is approved.

---

[3] Volume I, Definitions of Titles, Third Edition, 1965, page 233, published by the Department of Labor.

[4] Volume II, Occupational Classification, Third Edition, 1965, page 294.