MATTER OF ASUNCION

In Visa Petition Proceedings

A-13511195

*Decided by Regional Commissioner May 17, 1966*

A medical technologist is not a member of the professions within the contemplation of section 203(a)(3) of the Immigration and Nationality Act, as amended by P.L. 89-236, and, therefore, is ineligible for third preference classification.

**Discussion:** The District Director, Cleveland, Ohio denied the petition and certified the case to this office for review.

The petition seeks third preference classification of the beneficiary as a member of the professions based upon her qualifications as a medical technologist. She is a native and citizen of the Philippines, born January 15, 1938. She was awarded a bachelor of science degree in medical technology by the Centro Escolar University, Manila, Philippines, in May 1962 and successfully completed a one-year course in medical technology at St. Vincent's Hospital, Bridgeport, Connecticut, in October 1963. There is no doubt that the beneficiary is well trained as a medical technologist. She was certified as such on January 18, 1966 by the Registry of Medical Technologists of the American Society of Clinical Pathologists.

The record sets forth that the American Society of Clinical Pathologists in 1928 established the Registry of Medical Technologists. The Registry has come to be recognized by the leading hospital groups as the only authoritative qualifying body for this field. The record also shows that the requirements established by the Registry are recognized by such medical organizations as the American Medical Association, the American College of Surgeons, the American College of Physicians, the American Hospital Association, and by pathologists, other physicians and hospital superintendents.

The Registry defines a medical technologist as one who, "by education and training, is capable of performing, under the supervision of a pathologist or other qualified physician, the various chemical,

microscopic, bacteriologic and other medical laboratory procedures used in the diagnosis, study and treatment of disease."

The Registry's pre-technical training requirements are as follows:

Since January 1, 1962, the pre-technical educational requirements for admission to a School of Medical Technology approved by the Council have been as follows:

Graduation from an accredited high school or equivalent.

Three years (90 semester hours or 135 quarter hours) of collegiate training in any college or university approved by a recognized regional accrediting agency are required. The three years of college should be acceptable as the first three years of a baccalaureate program in Medical Technology. When preparatory training is properly integrated with professional training in a hospital school affiliated with a college or university, such training could lead to a baccalaureate degree in Medical Technology. Accredited collegiate training in preparation for the study of Medical Technology, as for any professional career, should provide the opportunity for a broad general education to include English, Social Sciences, Arts and Humanities.

Section 101(a)(32) of the Act, as amended, states the term "profession" shall include, but not be limited to, architects, engineers, lawyers, physicians, surgeons and teachers in elementary or secondary schools, colleges, academies or seminaries. Because the occupation of medical technologist is not by statute classified as a profession, and does not appear on the list of occupations granted blanket certifications by the Secretary of Labor set forth in 29 CFR 60.4, the District Director in accordance with 8 CFR 204.2(f) referred this matter to the Bureau of Employment Security of the Department of Labor for a determination as to whether the certification required by section 212(a)(14) of the Act should be issued and for an expression of opinion as to beneficiary's qualifications as a member of the professions.

Without issuing the certification, the Bureau of Employment Security returned the Form ES-575A, Statement of Qualifications of Alien, and the supporting evidence of the alien's qualifications, with the advice that in the Bureau's opinion, a medical technologist does not qualify as a member of the professions or as a person with exceptional ability in the sciences or the arts. No elaboration was made by the Bureau.

The opinion of the Bureau of Employment Security as to whether an occupation is a professional one is advisory. The determination of whether the alien is classifiable under section 203(a)(3) (or under section 203(a)(6)) of the Act is one for the Service to make, in accordance with section 204(b) of the Act, as amended. Since the petition seeks the alien's classification under section 203(a)(3), the question to be decided is whether the alien is classifiable as a member of the professions or as a person with exceptional ability in the

sciences or the arts. If it is determined that the alien is properly classifiable either as a member of the professions or as a person with exceptional ability in the sciences or arts the Service will inform the Bureau and request that the Bureau give consideration to the question of whether a certification should be issued. It should be noted that, although the Bureau did not issue a certification when it furnished its advisory opinion, the Bureau has not stated that the application for the certification had been denied. The Secretary of Labor or his designated representatives (in this case the Bureau) have exclusive authority to determine whether the certification will be denied or issued.

Examination of the occupations named in section 101(a)(32) of the Act indicates the following characteristics common to all: (1) recognition as a member of those professions normally requires the successful completion of a specified course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

Thus, not every individual who is graduated from an accredited college or university is classifiable as a member of the professions. If the degree or diploma he obtains equips the individual to enter an occupation for which the attainment of the degree or diploma is not a realistic prerequisite, that occupation may not be considered to be a profession. Also, if the degree or diploma obtained is so avocational in nature that it does not provide the recipient with a background which can be accepted as a realistic qualification for a specific position, the recipient would not be classifiable as a member of the professions on the basis of his educational attainment.

On the other hand, it must be recognized that in our modern society there has been a great expansion in the number of occupations for which graduation from a college or university is indeed a realistic prerequisite. Thus, a person with a degree or diploma from an accredited university or college (or with the equivalent experience) which has equipped him to hold a position such as that of a specialized business executive, bank official, economist, mathematician, chemist, physicist, pharmacologist, etc. may be regarded as a "member of the professions" within the meaning of section 203(a)(3) of the Act, as amended, if it is established that a person below that educational level would not realistically be qualified for entry into that field.

In addressing ourselves to the question of whether the alien beneficiary in the instant case is entitled to third preference classification,

due note has been taken of the presence in the record of proceeding of a pamphlet issued by the Registry of Medical Technologists of the American Society of Clinical Pathologists, which refers to the "profession of medical technology."

The Department of Labor, in its 1966–1967 edition of the Occupational Outlook Handbook, under the title *Medical Technologists*, describes the requirements for entering that occupation, as follows:

The usual minimum educational requirement for beginning medical technologists is the completion of a specialized training program in medical technology. Such training is given in 800 hospitals, of which over 600 are affiliated with colleges and universities. For entrance to programs approved by the American Medical Association, the prospective technologist must complete three years of undergraduate work, including courses in chemistry, biology, and mathematics. A few schools require a bachelor's degree for entry into the program. The training usually requires twelve months of study and includes extensive laboratory work. A bachelor's degree is often awarded upon completion of the college affiliated program. Eight universities also offer advanced degrees in medical technology for those who plan to specialize in teaching, administration, or research.

Graduates of the American Medical Association's approved schools may take an examination to qualify for certification by the Registry of Medical Technologists of the American Society of Clinical Pathologists (ASCP). Technologists registered by the ASCP are preferred by many employers, especially in large hospitals and research laboratories. In four states—Alabama, California, Florida, and Hawaii—medical technologists must also be licensed by the appropriate State agency.

Thus it appears while a bachelor's degree in medical technology is obtainable, entry into the field of medical technology may be accomplished without the acquisition of such a degree, such as when the training program is given by a hospital which is not affiliated with a college or university.

It is significant to note that volume II of the Dictionary of Occupational Titles, Second Edition, which deals with Occupational Classification, indicates that all occupations listed in the Dictionary with occupational code numbers from 0–01. through 0–39. inclusive, are "professional occupations," while those with occupational code numbers from 0.41 through 0.69 inclusive are "semiprofessional occupations." Supplement 1 to the second edition of the Dictionary of Occupational Titles describes the position of medical technologist, and assigns to that position the code number *0–50*.01. In doing so, the Department of Labor, which published the Dictionary, has classified this occupation as a "semiprofessional" one.

Without in any way deprecating the training and valuable services rendered by aliens engaged in this occupation, the Service concurs in the advisory opinion rendered by the Department of Labor that medical technology is not a "profession" within the meaning of the

Act. The beneficiary, therefore, may not be considered as a member of the professions, and the petition to accord her third preference classification must necessarily be denied.

Examination of the evidence establishes that the beneficiary is qualified for work involving a high degree of skill. Section 203(a)(6) of the Act, as amended, provides for sixth preference classification for aliens "capable of performing skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." The denial of the petition for third preference classification is without prejudice to determining her qualifications for sixth preference, if a petition to accord her that classification, supported by the required Labor Department certification, is submitted in her behalf by an actual or prospective employer.

ORDER: It is ordered that the petition to accord the beneficiary third preference classification be and hereby is denied.