MATTER OF CRUZ

In Visa Petition Proceedings

A–18499217

*Decided by Regional Commissioner November 26, 1968*

Since a Master's degree, obtained upon successful completion of two years of specialized study and supervised field work, is required for entry in most fields of social work, petitioner/beneficiary, who has only a Bachelor of Science degree in social work awarded in 1967 and whose only employment thereafter has been as a temporary worker of a tuberculosis society with duties involving delivery of fund solicitation letters and follow up of same, has not established that she possesses the high level of training and experience required to qualify as a member of the professions as a social worker within the meaning of sections 101(a)(32) and 203(a)(3) of the Immigration and Nationality Act, as amended.*

This case comes forward on appeal from the decision of the District Director, who on October 17, 1968 denied the petition in that the petitioner has failed to establish that she is a qualified member of the professions.

The petitioner is a 21-year-old unmarried citizen and resident of the Philippines. She was awarded a Bachelor of Science degree in social work in 1967 by the University of Santo Tomas and thereafter worked in that country as a temporary liaison worker for a private institution. She now seeks in her own behalf classification as a member of the professions under section 203(a)(3) of the Act, as amended, based upon her stated profession or occupation as a social worker.

Section 101(a)(32) of the Act, as amended, defines the term "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons and teachers.

An examination of the occupations listed in section 101(a)(32) of the Act indicates that in a general a person may be considered a member of the professions if, as a minimum, he has been awarded a baccalaureate degree following the successful comple-

---

* See *Matter of Reyes*, Interim Decision No. 2009.

tion of a specialized course of education on the college or university level. (*Matter of Asuncion*, 11 I. & N. Dec. 660).

While the acquisition of a baccalaureate degree is a minimum academic requirement for recognition as a member of the professions, the acquisition of such a degree does not automatically and by itself make the holder a member of the professions. (*Matter of Shin*, 11 I. & N. Dec. 686). Some occupations require a degree above the level of a baccalaureate degree to qualify as a professional in their field of study. The definition of professions, quoted above, includes doctors and surgeons and it is well established that a baccalaureate degree alone will not qualify a person as a doctor or surgeon and that advance degrees are a requisite for recognition in the profession of medicine and surgery.

The *Dictionary of Occupational Titles*, 1965, Volume I, Definition of Titles, Third Edition, published by the Department of Labor, places social work in occupational code grouping 195.108 under the heading, Guidance and Counseling. The *Dictionary* defines a social worker as a term applied to a worker perfoming social service functions in a public or voluntary social welfare agency, organization, or department and states that classifications are made according to work performed such as social worker, psychiatric; social group worker; social worker, delinquency prevention.

In a supplement to the *Dictionary* the Specific Vocational Preparation (SVP) Time for a social worker is rated from five to eight years.

Volume II, Occupational Classification of the *Dictionary*, states with regard to training and methods of entry that while a college degree is a minimum requirement for entry into the field of social work, in most cases education beyond the four year college level is required; and that most municipal and state governments and private organizations require two years of graduate study of persons interested in pursuing social work as a career. (*See Matter of Che*, 12 I. & N. Dec. 146, January 13, 1967).

The *Occupational Outlook Handbook*, 1968–1969 edition, also published by the Department of Labor, states that while a Bachelor's degree, preferably in Social Welfare, generally is the minimum educational requirement for beginning jobs in social work, certain areas in most fields of practice require a Master's degree. For example, teaching positions require a Master's degree with a doctorate preferred. In research, training in social science research methods is required in addition to a graduate degree and experience in social work. The *Handbook* also states that a Mas-

ter's degree in social work is awarded upon successful completion of two years of specialized study and supervised field work in an accredited school of social work; that only graduates of such schools are eligible for membership in the National Association of Social Workers (NASW) and that persons with two years of paid employment in social work under the supervision of a certified social worker and two years of membership are eligible for certification as members of the Academy of Certified Social Workers (ACSW).

The *Handbook* states further that:

The problems with which social workers are concerned include poverty; broken homes; physical, mental, and emotional handicaps; antisocial behavior; racial tensions; and unsatisfactory community conditions such as inadequate housing and medical care, and lack of educational, recreational, and cultural opportunities.

As the foregoing indicates, the problems which are faced by a social worker relate to a variety of social and mental attitudes and conditions. Approaches to these problems are reflected in three basic methods of social work practice; namely, case work, group work, and community organization. In the instant petition, the petitioner has not indicated or defined the social work practice in which she intends to engage.

On appeal, petitioner states in brief that at the time she filed the instant petition, she was not a full-fledged social worker but has now been issued a registration certificate as such. A copy of this certificate has been submitted with appeal. Concerning two years of graduate studies from an accredited school of social work as a prerequisite to employment as a social worker here, petitioner indicates that is the reason why she does not want to work now as a social worker but is willing to work even as a clerk so that she can pursue graduate studies in the United States.

After carefully reviewing and considering all the facts in this case, we find that professions generally require either college graduation—often with an advanced degree—or experience of such kind and amount to provide comparable knowledge. With regard to social work, we find that a Master's degree is required in most fields of that activity, obtained after specialized study and supervised field work. The petitioner in the instant case does not have a Master's degree nor any specialized training and field work in her stated profession. Her only employment since obtaining her degree has been that of a temporary worker of a tuberculosis society in the Philippines with duties involving delivering

letters of solicitation for funds and following up same. The record fails to establish that the petitioner has the high level of training and experience needed to qualify as a member of the professions as a social worker.

The burden of proof in visa petition proceedings to establish eligibility for preference classification sought rests with the petitioner. (*Matter of Cheung*, 12 I. & N. Dec. 715). The petitioner has failed to meet that burden of proof in establishing that she qualifies as a member of the professions under section 203 (a) (3) of the Act, as amended, as a social worker. The District Director's decision will be affirmed and the appeal dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.