MATTER OF LING

In Visa Petition Proceedings

A-10800904

*Decided by Regional Commissioner October 28, 1968*

Since "business administration" is a general term including both professional and nonprofessional activities, a degree in business administration alone is insufficient to qualify the holder thereof as a member of the professions under section 101(a)(32) of the Immigration and Nationality Act, as amended, unless the academic courses pursued and knowledge gained is a realistic prerequisite to a particular occupation in the field of business administration in which he is engaged or plans to be engaged; hence, petitioner, who has a Bachelor of Science degree in Business Administration, is denied preference classification under section 203(a)(3), of the Act since he has failed to establish in what profession, if any, in the field of business administration he intends to engage or is qualified.

ON BEHALF OF PETITIONER:    Wellington Y. Kwan, Esquire
1250 Wilshire Boulevard, Suite 100
Los Angeles, California 90017

This case comes forward on appeal from the decision of the District Director, Los Angeles, who on August 12, 1968, denied the petition in that petitioner had failed to establish an intent to engage in a professional occupation. Oral argument was requested and granted. Counsel appeared for such argument as scheduled.

Petitioner is a 38-year-old married male, a native and citizen of China who was admitted to the United States as a student on October 20, 1956, and received extensions of stay in that status to June 1, 1963.

The record shows the petitioner obtained a Bachelor of Science degree in Business Administration from a Los Angeles college on August 29, 1958, and that he was employed as a bookkeeper from 1958 to 1960, as a bank teller from 1962 to 1966, and has since April 25, 1966, been employed in Los Angeles as an electronic technician.

The present petition was filed March 21, 1968, for preference

classification under section 203 (a) (3) of the Act as a member of the professions as "business administration." Form ES–575A, "Statement of Qualifications," indicates that petitioner is seeking work in the United States as a "business manager."

Section 101 (a) (32) of the Act defines the term profession as follows: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies or seminaries." In the *Matter of Asuncion*, 11 I. & N. Dec. 660, it is stated:

> Examination of the occupations named in section 101 (a) (32) of the Act indicates the following characteristics common to all: (1) Recognition as a member of those professions normally requires a successful completion of a specific course of education on the college or university level, culminating in the attainment of a specific type of degree or diploma; and (2) the attainment of such degree or diploma is usually the minimum requirement for entry into those occupations.

In the *Matter of Shin*, 11 I. & N. Dec. 686, it is brought out that "profession" as defined by section 101 (a) (32) of the Immigration and Nationality Act, as amended, contemplates knowledge or learning—not merely skill—of an advance type in a given field gained by a prolonged course of specialized instruction and study of at least baccalaureate level, which is a realistic prerequisite to entry into the particular field of endeavor.

The primary issue in his case is whether or not "business administration" or be it "business administrator" is a profession which falls within the definitions of professions which qualify for preference classification under section 203 (a) (3) of the Act.

The DICTIONARY OF OCCUPATIONAL TITLES, Volume I, "Definition of Titles," published by the Department of Labor, names and defines 35,550 separate occupations but does not include business administration, business administrator or business manager as an occupation or profession. Review of Volume II, "Occupational Classification" of the DICTIONARY OF OCCUPATIONAL TITLES, and of the supplement to the DICTIONARY fails to identify business administration, business administrator or business manager as an occupation or profession.

"Business administration" is a broad field, a field which contains various occupations and/or professions, all of which are related to the world of business but each requiring a different academic preparation and experience peculiar to its needs. The OCCUPATIONAL OUTLOOK HANDBOOK, also published by the Department of Labor, shows that business administration is a

36

general term and includes various occupations such as accountant, advertising workers, industrial traffic manager, marketing research workers, personnel workers, and purchasing agents; thus, including both professional and nonprofessional activities. Careful review of the discussion of these occupations shows that while all are related to the world of business, each has its own emphasis on the academic training and experience required for qualification in that occupation. It is evident that while a person may have a degree in business administration, such degree may qualify him for some but not all of the occupations included in the broad field of business administration. For example, a person with a degree in business administration, major in accounting, would not qualify as a public relations man or personnel manager and vice versa. Therefore, a petitioner with a business administration degree must clearly establish a particular area and occupation in the field of business administration in which he is engaged or plans to be engaged and must also establish that he meets the special academic and experience requirements of that designated activity, as a prerequisite to a determination as to professional status.

In the instant case the Secretary of Labor, pursuant to section 212(a)(14) of the Act, has issued a certification for "administrative specialities" under Schedule C, Group II, of 29 CFR 60 with the initial three digit code of 169. The supplement to the DICTIONARY OF OCCUPATIONAL TITLES lists 38 different occupations under this initial three digit code, occupations which range from six months to ten years in the SVP (specific vocational preparation) time required to acquire proficiency in a given occupation. This list of 38 occupations does not include business administration or business administrator or business manager. Certification has been issued, but the petition does not indicate that petitioner will be employed in any of the occupations in code 169 that are certified.

Counsel cites *Matter of Shin*, 11 I. & N. Dec. 686. This case relates to a person who sought preference classification as an economist, had a master's degree in economics and was working on his doctorate. This decision in part stated:

The mere acquisition of a degree or equivalent experience does not of itself qualify a person as a member of a profession. The knowledge acquired must also be of a nature that is a realistic prerequisite for entry into the particular field of endeavor.

The decision points out that a degree in business administration alone is not enough to qualify the holder as a member of the

professions unless the academic courses pursued and knowledge gained is a "realistic prerequisite" for the profession; so that if he seeks recognition as an accountant, his academic courses be predominantly in that area rather than in the general field of business administration.

Counsel also cites *Matter of Chu*, 11 I. & N. Dec. 881. The headnote to that decision, which of course is not part of the decision, is misleading and may have caused some misunderstanding. It indicates that "business administration" is a profession. However, careful reading of the decision itself establishes that it is occupations in the field of business administration that may be professions. Our review of the record in this case shows that it relates to a person seeking recognition as an accountant who had a baccalaureate degree in business administration in the field of accounting, who was seeking work as an accountant, who was working for a firm which had stated, "Peter Chu has the college and accounting background we need," and was utilizing his accounting skills on his job described as follows:

His background of a college degree and accounting fulfills the unique requirement we need to fill our sales positions. Their duty is to analyze systems in various offices and show how mechanized accounting assists customer to get more current information and a much more efficient operation. He must also install and train on these systems.

The decision quotes a Department of Labor letter as follows:

Mr. Chu's degree in Business Administration was given by an accredited United States college. Graduates of business administration courses may qualify for several occupations coded as professional in the second edition of the Dictionary of Occupational Titles, *e.g.*, Accountant, Auditor, Property-rehabilitation Clerk (in insurance), Dealer-Contact Man, Employment Manager, Personnel Manager, Salary and Wage Administrator, Field Representative, to name some. Business Administration graduates may qualify for a greater number of professional occupations defined in the third edition of the DOT.

This letter points out that a business administration graduate *may* qualify for several professional occupations but not all professions in the general field of business. A person would have had to take courses, or gained knowledge (considered to be a realistic prerequisite), in a particular occupation or profession in the field of business administration and designated by him as the profession in which he seeks preference classification.

In reference to the Department of Labor letter quoted above, the Regional Commissioner stated: "We agree with the Department of Labor that occupations in business administration for which a person qualifies by reason of high education are profes-

sional occupations." He did not say that a business administration degree qualified a person for all occupations in business. He referred to occupations in business administration, and limited those occupations to those for which the person qualified (by reason of high education) and are recognized as professional occupations.

Considering all the factors as discussed above, we cannot find that it has been established that "business administration" is a profession, The record has failed to establish in what profession, if any, petitioner is either qualified for or intends to engage in. He has not established that he has been engaged in any profession. Occupations in which he has work experience—bookkeeper, bank teller, and electronic technician—are not professions. In the *Matter of Brantigan*, 11 I. & N. Dec. 493, it is held that the burden of proof to establish eligibility for a desired preference rests with the petitioner. That burden of proof has not been met.

The case will therefore be remanded to the District Director to afford petitioner an opportunity to supplement his application with such evidence as he may desire to establish his claimed professional capacity, in conformance with the discussion herein. The District Director is authorized to consider such additional evidence as may be presented and make his decision anew.

**ORDER:** It is ordered that the case be remanded to the District Director in line with the above.