MATTER OF CHEUNG

In Visa Petition Proceedings

A-14494353

*Decided by Board May 6, 1968*

The burden of proof rule set forth in *Waziri* v. *Immigration and Naturalization Service*, C.A. 9, Jan. 18, 1968, with respect to section 246 rescission proceedings (i.e., clear, convincing and unequivocal evidence), is inapplicable to revocation of approval of visa petition. The burden of proof in visa petition proceedings rests with the petitioner to establish eligibility for the benefits sought and since such burden has not been met in establishing the claimed relationship in the instant case, the conditional approval of a visa petition to accord beneficiary fifth preference classification is revoked.

ON BEHALF OF PETITIONER:
David I. Rosin, Esquire
2156 Penobscot Building
Detroit, Michigan 48226
(Briefs filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the District Director, Detroit District, dated January 17, 1968, revoking the approval of the visa petition on April 29, 1965, to confer fifth preference status on the beneficiary because the claimed brother-sister relationship of the petitioner and beneficiary had not been satisfactorily established for the reasons that at various times up to and including May 28, 1946 and June 1948, the father of the parties, Woo Gay You, claimed three sons; in a visa application executed by the beneficiary on February 11, 1963, she claimed her parents were Cheung Ding and Wong Sin Nui, and submitted a marriage certificate showing that she was Cheung Bo Chu, the daughter of Cheung Tang; the Passport Office of the Department of State ruled on December 29, 1966, that the beneficiary had failed to establish her identity as the daughter of a United States citizen, Woo Gay You, the father of the petitioner.

The petitioner, a native of China, a citizen of the United States through parentage, holder of Certificate No. AA5226, born November 22, 1913, seeks fifth preference quota status on behalf of the beneficiary as his sister. The beneficiary is a native and citizen of China,

born November 23, 1924, is married to Cheung, Mon Jak, and they have one child, Cheung, Fung Oi, born December 11, 1948 in China. The visa petition originally was approved under section 203(a)(4) (now sec. 203(a)(5)) on March 5, 1965. Reference was made on the face of the visa petition to an attached memorandum which reflected that the petitioner swore that his parents and the beneficiary's parents were the same; attached to the memorandum were two passport type photographs of the petitioner together with two copies of report of his blood type, photographs alleged to be those of the petitioner and beneficiary when they were children, and photographs of other members of the petitioner's family.

The memorandum made reference to the petitioner's File AA5226, Application for Certificate of Citizenship, in connection with which the alleged father, Woo Gay You, was interviewed under oath on May 28, 1946 and stated that he had three children, all boys, no mention being made of a daughter. The petition was approved on condition that the petitioner's and beneficiary's blood types prove to be compatible and, further, that any investigation conducted does not disclose that the relationship is not as claimed, particularly in view of the testimony of the alleged father in 1946 that he had three sons and no daughters.

The file contains a signed acknowledgment by counsel that the record of proceedings in this case was reviewed by him on January 17, 1968. The revocation of the approval of the visa petition is contested on a number of grounds, such as the decision is not in conformity with the facts, that the decision is offset by substantial probative evidence favorable to the petitioner, the Service has failed to evaluate all the evidence available, the decision is incorrect in fact, the decision is incorrect in law, and a number of other bases for objection. Neither the District Director nor counsel have clarified the issues in the case. A true picture of the confused situation in this case, which arises as result of false statements made by the father, Woo Gay You, and by the beneficiary's present husband, Cheung Man Jak, is contained in an evaluation of citizenship claim from the Consulate General of the United States at Hong Kong, B.C.C., dated November 17, 1966, which follows.

The present beneficiary, Cheung Woo Bo Chu, maiden name Woo Bo Chu, a passport applicant at the Consulate General, claimed United States citizenship under provisions of section 1993, Revised Statutes, by virtue of her birth in China on November 23, 1925 of a United States citizen father, Woo Gay You, and an alien mother, Jung Hai. The applicant's father, Woo Gay You, in an affidavit executed April 20, 1966, stated that he was born in Marysville, California on December 12, 1886; that he was issued Certificate of Identity No. 15557 at

Seattle, Washington, June 2, 1914; and that Jung Shee was his wife who died about 1941; and that he had three children: (1) Woo Ting Hong, (also known as Daniel Hong Woo, the present petitioner) born at Hung Moon Lau Village on November 11, 1913; (2) Woo Ten Yee, born at the same village on May 14, 1927; presently residing at 22181 Ridgedale Avenue, Oak Park, Michigan; (3) Woo Bo Chu, the present applicant and the instant beneficiary.

The father, Woo Gay You, testified under oath before the Service at Detroit, Michigan on March 23, 1964 that he had two sons and a daughter and not three sons as previously claimed; that Woo Ting Hong and Woo Ting Yee are his true blood sons; that his daughter is Woo Bo Chu; and that Woo Ting Ping is actually not his son, but is his son-in-law and his true name is Cheung Nan Jack. (Examination of the father's affidavit shows that he testified on March 23, 1964 that his daughter's name was Woo Ball Gee, about 37 or 38 years old; her married name is the same; her husband's correct name is Jung Moon Jock whom he claimed was his blood son under the "paper" name of Wiliam Ting Wing Poo when he came to the United States.)

The records of the Consulate General show that a visa petition was received and filed by the applicant's husband in his false identity of William Ting Ping Woo on January 15, 1963, which was approved by the Service on February 11, 1963 for nonquota status on behalf of Cheung Bo Chu. She executed an immigrant visa application on April 29, 1963 in which she stated that her parents were Cheung Ding and Wong Sin Nui, and to substantiate her identity she submitted a Hong Kong marriage certificate showing that she was Cheung Bo Chu, the daughter of Cheung Tang, plus two statutory declarations. Further action on the visa application has been suspended.

The records of the Consulate General reveal that another visa petition was received which is the instant visa petition and was approved on April 29, 1965 for the beneficiary for fifth preference status as the sister of Daniel Ting Hong Woo on condition that any investigation conducted does not disclose his relationship is not as claimed, particularly in view of the testimony of the alleged father in 1946 that he had three sons and no daughters. The immigrant visa application filed by the applicant on March 29, 1966 is being held in abeyance in view of her prima facie claim to United States citizenship.

In addition to the affidavit of the father executed on April 20, 1966, there were submitted photographs taken in Hong Kong in 1963, 1959 and 1927; one taken in the United States in 1955; and one taken in China in 1931. Also submitted was an affidavit executed by the petitioner identifying himself and his father; and two group photographs taken in Hong Kong in 1959. There were also submitted four aero-

grammes addressed to the applicant by the applicant's father in November 1963, January and October 1964, and April 1965 which discussed the beneficiary's documentation to enter the United States and he mentioned other miscellaneous family matters; also a Hong Kong identity card issued to the beneficiary on July 9, 1964. Blood tests were not conducted since the applicant's mother was claimed to have been deceased.

The evidence submitted is evaluated and it was concluded that the only photograph which might be given probative value is the 1931 photograph which suggests that the applicant-beneficiary could be a sister of Woo Ting Yee, but cannot be considered adequate to establish the claimed father-daughter relationship without other corroborating evidence. Comment was made that if the relationship existed, correspondence between the applicant and her father and other forms of documentary evidence covering a reasonable period of time should be available, inasmuch as the family letters submitted are only four in number and cover the recent three years, remembering that the applicant is now 40 years of age and that the alleged confession was made in 1964. It is noted that the applicant's brother, Woo Ting Yee, first departed for the United States in 1951, and that at least photographic or documentary evidence associating the applicant with her brother covering the few years shortly prior to 1951 should be available. It was concluded that the identity of the applicant as the legitimate daughter of Woo Gay You, a United States citizen, had not been reasonably established, inasmuch as the applicant's father failed to report the applicant as his daughter and the photographic and documentary evidence submitted was inadequate. It was recommended on November 17, 1966 that the application for a passport be disapproved and such adverse recommendation was concurred in by the Passport Office of the Department of State on December 29, 1966.

The file contains a sworn statement executed by Cheung Man Jak on April 22, 1964 to a Service Investigator. He testified that he was also known as Cheung Doon Poo and Willian Woo. He first came to the United States under the name of Woo Ting Ping and presented a Certificate of Citizenship No. AA–34927 issued to William Ting Ping Woo on December 22, 1952. Cheung Man Jak was born on C.R. 12–8–22 (October 2, 1923) at Sun Kew Village, Saa Gong Area, Hoy Ping, Kwangtung, China, the son of Cheung Thack Fung, whom he thought was a citizen of the United States, and when last heard from was living at Sam Lee Laundry, 1013 State Street, Racine, Wisconsin. His mother's name is Wong Gone San and she is a citizen of China. Cheung Man Jack identified his wife as Woo Bo Chu also known as Cheung Bo Chu, who was born November 23, 1925 at Hung Mon Lau

Village, Hoy Ping, Kwangtung, China, and whom he married on February 18, 1947 in China. He identified his wife, who was the beneficiary of the affiant's visa petition and is the beneficiary of the present visa petition, as a citizen of China. He admitted that he came to the United States under the name of Woo Ting Ping and was admitted on October 23, 1951 as a citizen under section 1993, Revised Statutes, as the "paper" son of Woo Gay You. He stated that his "paper" mother was Jung Shee. He identified Daniel Woo as his brother-in-law, his wife's brother and his own "paper" brother. Cheung Man Jak stated that the purpose of his appearance for a sworn statement was to confess his true family composition so he could bring his wife and daughter, Cheung Song Oi, born December 11, 1948 in China to the United States.

The burden of proof rests upon the petitioner to establish eligibility for the benefit he seeks under the immigration laws on behalf of his alleged sister. The case of *Waziri v. Immigration and Naturalization Service*, No. 21129 (9th Cir., January 16, 1968), cited by counsel, is not in point. The case involved rescission of a permanent residence status granted under section 245 of the Immigration and Nationality Act. The Supreme Court held that the burden of proof in rescission proceedings under section 246 of the Act required a burden of proof which was the same as that in deportation proceedings, *i.e.*, clear, unequivocal and convincing evidence. In the case of *Amarante v. Rosenberg*, 326 F.2d 58 (9th Cir., 1964), the Court held that the alien had not been granted a status when the visa petition is approved but only after the Consulate Officer acts favorably on the visa. In the instant case the visa petition was approved, the Consulate Officer did not take favorable action, and the visa petition was returned to the District Director for further action in accordance with 22 CFR 42.43 (a)(1).

The difficulty in the case arises out of the fraud perpetrated by the father of the petitioner in attempting to pass off the beneficiary as a son instead of a daughter, which had been compounded by the visa petition filed by the fraudulent citizen "paper" son on behalf of his wife, who is now claimed to be a United States citizen as the daughter of a citizen father. Under the circumstances, the action of the Consulate Officer in requesting additional proof of the relationship appears to be warranted.

The same circumstances of fraud and subsequent confession apply to the present visa petition seeking preference status on behalf of the beneficiary as the sister of the petitioner. Despite the long lapse of time there has been submitted no correspondence between the alleged father or the present petitioner and the beneficiary who is now at least 40

years of age, other than comparatively recent communications. It has been our experience that in this type of Chinese case, correspondence and money orders covering a substantial period of time are generally submitted as well as photographic evidence. In addition, nothing has been submitted by the youngest brother, Woo Ten Yee. Until such additional evidence is submitted we cannot hold that the petitioner has sustained the burden of proof of establishing the claimed relationship. The prohibition against issuing a visa to a national of the United States contained in 22 CFR 42.3(a) is noted. It is obvious the beneficiary will be in a better position as a United States citizen, if her claim to citizenship is established, than as a preference quota immigrant.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.