MATTER OF YAAKOV

In Visa Petition Proceedings

A-13205451

*Decided by Regional Commissioner January 3, 1969*

Notwithstanding beneficiary has never received a degree in library science from an institution of higher learning, on the basis of her combined education (3½ years college level) and experience (over 12 years as a librarian) she qualifies as a professional librarian within the meaning of sections 101(a)(32) and 203(a)(3), Immigration and Nationality Act, as amended.

This matter is before the Regional Commissioner on appeal from the denial of the petition by the District Director.

The petitioner is a 40-year-old native of China, citizen of Israel, who arrived in the United States December 6, 1962 as a visitor. On March 21, 1963 her nonimmigrant status was changed to A-1, government official, at the request of the Ambassador of Israel. She is still in this status as the wife and employee of the Vice Consul of Israel in New York City. She has also been employed as a professional librarian by H. W. Wilson Company, 950 University Avenue, New York. This company publishes index and reference works for libraries.

This petition was submitted on June 29, 1967 and Form ES-575 was forwarded to the Department of Labor for opinion as to the professional qualifications of the petitioner. In December of 1967 the Department of Labor advised that the subject lacked academic preparation for employment as a professional librarian. On January 11, 1968 the District Director denied the petition finding that the subject did not have the necessary education to qualify as a librarian.

Processing of the appeal was delayed to afford the petitioner an opportunity to obtain additional evidence. During this period the Department of Labor reexamined the request for a certification and on May 21, 1968 issued the appropriate certification for a librarian.

This petitioner claims a total of three-and-one-half years of college level education, two-and-one-half years obtained in China and one year at Hebrew University in Jerusalem. She has also submitted acceptable evidence of employment as a professional librarian (senior cataloger) by the Jewish National and University Library, Jerusalem from August 26, 1951 to December 31, 1962. The Director of that library has stated that she was a very capable and skilled professional librarian. At oral argument granted to the petitioner she presented a letter from the H. W. Wilson Company of New York verifying her employment there as a professional librarian since September of 1967.

The issue to be resolved here is whether she may be considered to be a qualified member of the professions by reason of education combined with work experience. Her work experience is quite impressive—she has been employed for a period of over 12 years as a professional librarian. In connection with her employment with the Hebrew University there has been submitted a letter from one Nathalie Delongaz, presently Chief, Shared Cataloging Division of the Library of Congress. Miss Delongaz states that she was in charge of the Cataloging Department of the Hebrew University Library from 1958 to 1962. While there she supervised the petitioner (among others) who was a professional librarian and who had obtained her training in the field at the library itself. She was employed as a senior cataloger.

Another letter has been submitted offering the subject a position as a professional librarian. This is from John W. Cronin, Director, Processing Department of the Library of Congress. He states that he is acquainted with the petitioner and knows of her qualifications and offers her the position of professional librarian, GS–11, at such time as she is available. He further states that the position of professional librarian at the Library of Congress commences at a GS–7 wage rate.

As previously indicated, the petitioner is currently employed as a professional librarian and in addition has received offers of employment in that capacity from the Library of the New York Academy of Medicine and the Medical Library Center of New York.

While the grant of a preference under section 203(a)(3) of the Immigration and Nationality Act normally requires that the petitioner have a high degree of education—at least a baccalaureate it is recognized that in a few areas of the professions it is not always possible to obtain the usual formal education. In this case it has been pointed out that in Israel, at the time the subject re-

sided there, there was no school offering degrees in library science. Instead she worked in a library and while there she studied some of the subjects relating to the library profession. It is fairly obvious that she has now, after twelve years of work experience, reached a level of competence which is at least equal to that which a person would acquire after the usual period of formal education. In fact, the indications are in this case that the subject is more fully developed as a professional librarian than a recent graduate would be.

The Service has held that experience may be substituted for formal education in *Matter of B—*, 12 I. & N. Dec. 17. The circumstances in this case are very similar to those found in the precedent decision. Therefore, because of the petitioner's extensive experience and high level of attainment in the field of librarianship, it is found that she qualifies as a member of the professions within the scope of section 203(a)(3) of the Immigration and Nationality Act.

*It is ordered* that this petition be and the same is hereby approved.