MATTER OF CHU

In Visa Petition Proceedings

A-12235139

*Decided by Regional Commissioner January 20, 1969*

Beneficiary, who graduated from a medical school in the United States, is a physician and, therefore, is classifiable as a member of the professions under sections 101(a)(32) and 203(a)(3) of the Immigration and Nationality Act, as amended, notwithstanding he has not completed his internship.

This case comes forward on appeal from the decision of the District Director, who on November 13, 1968, denied the petition. In his denial, the District Director refers to the Department of Labor's publication, *Occupational Outlook Handbook,* 1966-1967 edition, wherein it is stated in part that a license to practice medicine is required in all States and the District of Columbia; that to qualify for such, a candidate must graduate from an approved medical school, pass such an examination, and in certain States (including California) and the District of Columbia serve a one-year internship and that even in States permitting the licensure of a physician immediately after graduation from medical school, an internship is always necessary for full acceptance by the professions. The District Director therefore concluded that an intern, *per se,* cannot be classified as a "physician" and cannot be considered as a "professional" in the field of medicine. The District Director has concluded further that a physician is one who, as a minimum, possesses three to four years of pre-medical college study followed by four years of medical training and one year of internship and that the beneficiary has failed to meet qualifications necessary for professional recognition as a physician.

The subject alien is a 27-year-old married citizen of China, presently residing with his nonimmigrant alien spouse in San Bernardino, California. He was admitted as a nonimmigrant student on August 10, 1960, and was given subsequent extensions of stay in that status until June 1, 1968. On July 12, 1968, a petition

122

was filed by the San Bernardino County General Hospital, San Bernardino, California, seeking preference classification for the beneficiary under section 203(a)(3) as a member of the professions. The beneficiary's profession or occupation is stated in the petition to be "physician." The occupational title of the position beneficiary is to occupy is "intern."

After careful consideration of the factors in this case, we cannot agree with the decision of the District Director. A physician is defined in section 101(a)(32) of the Act, as amended, as being included within the "professions." The minimum requirement for entry into the professions has been held to be a baccalaureate degree. (*Matter of Asuncion,* 11 I. & N. Dec. 660.)

The *Dictionary of Occupational Titles,* 1965, Volume I, Definitions of Titles, Third Edition, published by the Department of Labor, places the occupational title of physician and intern in the professional and kindred classification under the identical occupational code number 070.108.

The record shows that the beneficiary took pre-medical studies from 1960 to 1964 at St. Louis University, St. Louis, Missouri, receiving a Bachelor of Science degree. From 1964 to 1968 he attended the school of medicine of that University, graduating therefrom with the degree of Doctor of Medicine. He took practical training authorized by this Service as a medical assistant from June to September 1965 and from June to September 1966 at Stockton State Hospital and from June to the end of July 1967 at the San Joaquin County General Hospital, both hospitals located in Stockton, California. The beneficiary has been employed since July 1, 1968, and continues to be employed as an intern by the petitioner.

8 CFR 204.2(f)(2) states in pertinent part:

An alien physician shall be considered eligible for classification as a member of the professions if he establishes that he was graduated from a medical school in the United States or Canada...

The Director of the Department of Graduate Medical Education of the American Medical Association, Chicago, Illinois, has stated to this Service in a letter dated January 2, 1969, that graduation from an approved school of medicine in the United States with conferral of the degree of Doctor of Medicine automatically carries with it the professional recognition of the individual concerned as a physician. The Director further states:

While conferral of the degree of Doctor of Medicine is a function of educational institutions duly accredited and chartered in the individual states, conferral of the license to practice medicine is a responsibility of the various

state boards of licensure, and is one of the states' rights accounting for the existence of individual and differing requirements in the various states.

The majority of states require a year's internship as a necessary prerequisite to licensure. In some instances, the examination is given prior to the internship, with the license actually conferred upon completion of the internship. There are some states which do not require internship, but which do require either declaration of citizenship or full citizenship, even for graduates of United States schools. The requirements in the state of California are different for non-citizens than they are for citizens, although in either case the person concerned is a physician on a basis of possession of the degree of Doctor of Medicine.

To sum up . . . . . . . . . . , we would say (beneficiary) definitely qualifies as a 'physician', but he must complete the required period of internship before qualifying legally to practice medicine in one of the states. An internship is certainly a professional occupation and in the context of this discussion, can only be served by a physician.

Further, since an applicant for a visa under section 203 (a) (3) may be a member of a profession for which a license, or even citizenship, may be a prerequisite before he may engage in his professional endeavor, we do not read into laws or regulations, a requirement that the applicant (beneficiary in this case) must be able to engage in the qualifying profession immediately if admitted to the United States. It is sufficient if he can show a bona fide purpose or intent to work here in his qualifying endeavor. In this case, beneficiary has shown that intent by actual employment in his qualifying profession or occupation.

From the foregoing it is concluded that the petitioner has established that the beneficiary qualifies for the preference classification sought.

Beneficiary has been awarded "an advance" degree by an American university and thus falls within the category of persons described in 29 CFR 60 Schedule A, Group I, and for whom a blanket certification has been issued by the Department of Labor pursuant to section 212 (a) (14) of the Act.

The appeal will be sustained and the petition approved.

ORDER: It is ordered that the instant petition for classification under section 203 (a) (3) of the Act, as amended, be and is hereby approved.