MATTER OF MEDINA

In Visa Petition Proceedings

A-19176697

*Decided by Regional Commissioner March 18, 1970*

Petitioner, who in 1963 obtained a Bachelor of Science degree in commerce with a major in accounting, but who has never been employed as a professional accountant nor in a professional occupation, is not now a member of the professions and is ineligible for preference classification under section 203(a)(3) of the Immigration and Nationality Act, as amended, as an accountant.

ON BEHALF OF PETITIONER: A. W. Hargreaves, Esquire
30 Hotaling Place
P.O. Box 2067
San Francisco, California 94126

This case comes forward on appeal from the decision of the District Director, San Francisco, who denied the petition on September 18, 1969 in that the appellant had failed to establish that she was a member of the professions and was, therefore, not eligible for classification under section 203(a)(3) of the Immigration and Nationality Act, as amended.

Oral argument was requested and granted. Counsel for appellant appeared as scheduled.

The appellant is a 28-year-old single female, a native and citizen of the Philippines residing in Canada. She filed the present petition on May 9, 1969 for classification under section 203(a)(3) of the Act as a member of the professions as a "Bachelor of Science degree in Commerce" to seek work in Accounting in the United States. In support of her petition she presented evidence of graduation from a university in the Philippines in March 1963 with a Bachelor of Science in Commerce and a major in Accounting. Form ES-575A, "Statement of Qualifications of Alien" shows that from April 1967 to December 1967 she was employed as a personnel clerk for a bank in the Philippines and from July 1968 to December 1969 first as a secretary for the Air Force in

506

Labrador, Newfoundland and after December 1969 as a "budget clerk."

On appeal counsel presented a letter dated February 25, 1970 from the Chief of the Budget Department of the Air Force stating that the appellant worked as a "budget clerk" from December 1968 to September 1969.

Accounting is a profession and is covered by the blanket Labor certification provided by 29 CFR 60, Schedule A, Group II.

*Matter of Asuncion,* 11 I. & N. Dec. 660, holds that a characteristic common to occupations in the professions is the minimum of a baccalaureate degree while the *Matter of Shin,* 11 I. & N. Dec. 686, points out that the acquisition of a degree does not, *per se,* make the holder thereof a member of the professions.

The record shows that the appellant graduated seven years ago with a major in Accounting but has never been employed as a professional accountant. Her past work experience as personnel clerk, secretary and budget clerk is all in nonprofessional occupations entry into which do not require as a minimum a baccalaureate degree or the high academic preparation and training characteristic of occupations considered to be within the professions.

Section 203(a)(3) of the Act in pertinent part states: "Visas shall next be made available to qualified immigrants *who are members* of the professions."

Section 204 of the Act states that if the alien is to be classified under section 203(a)(3) he must file a petition with the Attorney General for such classification.

The appellant has never been engaged in a professional occupation and is not now a member of the professions. It is clear that Congress intended such members of the professions to be so qualified *at the time the petition is filed.* The decision of the District Director was proper.

*Matter of Brantigan,* 11 I. & N. Dec. 493, holds that the burden of proof to establish eligibility for a desired preference rests with the appellant. That burden of proof has not been met. The appellant is not eligible for the preference classification she seeks. The appeal will be dismissed.

Denial of the petition, however, is without prejudice to the consideration of a new petition for sixth preference classification should the appellant obtain a definite offer of employment from a prospective employer in this country seeking her services and an appropriate certification be issued by the Department of Labor pursuant to section 212(a)(14) of the Act, as amended.

**ORDER:** It is ordered that the appeal be dismissed.