## MATTER OF PORTUGUES DO ATLANTICO INFORMATION BUREAU, INC.

### In Visa Petition Proceedings

### NEW-N-27939

*Decided by Commissioner September 27, 1984*

(1) The proposition that experience is the same as or generally can be substituted for the normal educational requirements for a particular position is erroneous.

(2) Individuals lacking the particular degrees normally prerequisite to professional practice in their fields of endeavor may be classified as professionals in rare instances where they occupy clearly professional positions, have substantially completed normal educational requirements for the position they occupy, are recognized and permitted to practice as professionals. Case law also accommodates those instances where individuals attain professional standing through directed experience and specialized instruction recognized by appropriate professional bodies as a form of preparation for the practice of particular professions, *e.g.*, "reading" law.

(3) A professional position is one which requires a standard and at least baccalaureate level of university education for practice, in which that education is applied, and which requires extensive autonomous application of individual professional knowledge to particular fact situations.

ON BEHALF OF PETITIONER: Elaine F. Shea
600 Madison Avenue
New York, New York 10022

The petition was denied by the district director, Newark, New Jersey. Appeal taken from that decision was dismissed. The petitioner now moves that that appeal be reopened and reconsidered. The motion is granted.

The petitioner is a firm engaged in international currency transfers which seeks to employ the beneficiary as a supervisor of immigrant remittances pursuant to section 101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i) (1982), which provides for the classification as a nonimmigrant of:

> an alien having a residence in a foreign country which he has no intention of abandoning . . . who is of distinguished merit and ability and who is coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability.

Distinguished merit and ability are established in one of two ways. First of all, persons classifiable as professionals within the meaning of section 101(a)(32) of the Act, 8 U.S.C. § 1101(a)(32) (1982), are classifiable as aliens of distinguished merit and ability. *Matter of General Atomic Company,* 17 I&N Dec. 532 (Comm. 1980); *Matter of Essex Cryogenics Industries, Inc.,* 14 I&N Dec. 196 (Dep. Assoc. Comm. 1972). Second, aliens of prominence, renown, or pre-eminence in their field of endeavor are classifiable as aliens of distinguished merit and ability. *Matter of Shaw,* 11 I&N Dec. 277 (D.D. 1965); H.R. Rep. No. 851, 91st Cong., 2d Sess. 2, *reprinted in* 1970 U.S. Code Cong. & Ad. News 2750.

The district director denied the petition upon concluding that the beneficiary is not classifiable as an alien of distinguished merit and ability and that the position offered the beneficiary does not constitute exceptional services requiring a distinguished level of merit and ability. The decision of the district director was reviewed and wholly upheld by us on appeal.

The petitioner now argues that our consideration of the matter was deficient. The petitioner concedes the beneficiary's lack of prominence or renown but argues as follows concerning the district director's conclusion that the beneficiary could not be regarded as possessing a bachelor's degree or the equivalent, the standard entry level of education in some professional areas:

> Although it is customary to submit a baccalaureate degree or its equivalent, it is *well known* to the INS and the immigration bar that there is *no credential evaluating service* in the country which evaluates experience. To prejudice petitioner's and beneficiary's ability to obtain an H-1 visa due to the impossibility of having experience evaluated by any known credential evaluating service imposes an undue hardship unintended by the statute.

This is a curious argument. Credential evaluation services do not evaluate experience because experience is not education and does not result in attainment of academic credentials. We are quite undisturbed by this eventuality. The argument above quoted appears to stand for the venerable but erroneous proposition that experience is the same as or can be substituted for education. In point of fact, case law accommodates those rare instances where individuals without the normal academic qualifications required, manage, through extraordinary personal ability, to occupy clearly professional positions, usually after completion of virtually all normal coursework required but lacking a corresponding degree. *Cf. Matter of Yaakov,* 13 I&N Dec. 203 (R.C. 1969); *Matter of Bienkowski,* 12 I&N Dec. 17 (D.D. 1966). Case law also accommodates those rare instances where individuals attain professional standing through directed experience and specialized noninstitutional instruction, as in

"reading" law, where such a program is recognized by appropriate professional bodies as a form of preparation for practice of that profession. *Matter of Shin*, 11 I&N Dec. 686 (D.D. 1966). The cited case law and its statutory and regulatory foundation do not stand for the proposition that longevity in a particular nonprofessional occupation demonstrates a professional level of ability or merit on the part of the incumbent.

Various provisions of the Immigration and Nationality Act cause various immigrant and nonimmigrant classifications, and, consequently, entry into the United States, to be more readily available to professional workers than to other workers. There is thus a natural tendency on the part of employers who desire to obtain the services of a particular alien employee in as expeditious a fashion as possible to attempt to clasify nonprofessional functionaries as professionals for immigration purposes in order to avoid the more extensive administrative procedures attendant on other immigrant and nonimmigrant classifications. This appears to have occurred in this instance.

A professional position is one which requires a standard and at least baccalaureate level of university education for practice, in which that education is used and applied, and which requires extensive autonomous application of individual professional knowledge to particular fact situations. The beneficiary in this instance holds a 2-year degree in commerce and has been employed by a bank for 8 years as a specialist in remittances by individuals of currency from abroad to Portugal, a position requiring knowledge of domestic and Portuguese law relating to currency transfers. This is not professional practice. The incumbent of this position must be aware of a highly specialized and small body of law whereby governments regulate a highly specialized and small body of commerce. It is not a position that requires high legal or financial education or one which requires interpretation or manipulation of law in a theoretical or creative fashion. The beneficiary is not a professional; the position he occupies is not a professional one; the petitioner's argument to the contrary is erroneous and is rejected.

The petitioner provides a tacit admission of the nonprofessional nature of the beneficiary's position as follows:

> From a common sense point of view, an individual with a baccalaureate degree in commerce or a related field, who is also fluent in Portuguese does not seem likely to be interested in serving a large community of new and recent immigrants unfamiliar with many aspects of life in the United States, frequently in blue collar jobs. It is also unlikely that such an individual would be equipped through their education to cope with the types of problems that arise in the area of immigrant remittances in the absence of extensive training and experience.

196

What the petitioner says is that it cannot attract a professionally trained individual to the position at issue and so the beneficiary's less than professional attributes but extensive training and experience should be regarded as professional in the interest of service to the Portuguese immigrant community. Statute is manipulable to a degree, but is somewhat more absolute in effect than would permit accommodation of this line of argument. The beneficiary and the position at issue are not professional. There is no good cause for creation of a legal fiction whereby they are.

The petitioner has consistently stated its need and the need of the Portuguese community for the beneficiary's services. This need, if demonstrated, can be satisfied through section 101(a)(15)(H)(ii) of the Act and the procedures designed to implement that statute. We will reaffirm our previous decision that the beneficiary is not classifiable as an alien of distinguished merit and ability and that the position offered him does not constitute exceptional services requiring such a level of merit and ability.

ORDER: The petition is denied.