MATTER OF KATSANIS

In Deportation Proceedings

A-17045328

*Decided by Board January 10, 1973*

Respondent's conviction in Greece of attempted fraud, a crime involving moral turpitude, for which he was sentenced to 5 months and 10 days, or, in lieu thereof, 100 drachmas for each day of imprisonment, is classifiable as a "petty offense" within the purview of the exception provisions of section 212(a)(9) of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted.

ON BEHALF OF RESPONDENT:
Nathan T. Notkin, Esquire
11 South LaSalle Street
Chicago, Illinois 60603

Counsel of record:
Harry E. Gabrielides, Esquire
2430 West Lawrence Avenue
Chicago, Illinois 60625

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The respondent, a native and citizen of Greece, last entered the United States on April 5, 1965 as a nonimmigrant visitor for pleasure authorized to remain until July 4, 1965. He remained thereafter without permission. Deportation proceedings were commenced against him on July 15, 1966 on the above charge. The respondent conceded deportability and did not appeal from the special inquiry officer's August 22, 1966 decision finding him deportable and granting him voluntary departure.

The proceedings were reopened two years later upon the respondent's motion to permit him to apply for adjustment of status under section 245 of the Immigration and Nationality Act. The respondent was then and still is the beneficiary of a fifth preference visa petition, which was filed on his behalf by his United States citizen brother, and which was approved on September 9, 1968, valid through September 9, 1973. In a decision dated June 30, 1971, the special inquiry officer denied the respondent's application

for adjustment of status on the ground that the respondent was excludable under section 212(a)(9) of the Immigration and Nationality Act and was not eligible for a waiver of excludability under section 212(h) of the Act. The respondent appeals from this decision. We shall sustain the appeal and remand the case to the special inquiry officer for discretionary action.

Adjustment of status under section 245 is available to an alien (1) who is eligible for an immigrant visa, (2) who is admissible to the United States for permanent residence, and (3) to whom an immigrant visa is immediately available at the time his application is approved. In the present case the first and third requirements evidently have been satisfied, since the respondent is the beneficiary of an approved visa petition and, according to the latest State Department Bulletin, fifth preference visa numbers are currently available to applicants born in Greece. The only remaining question is whether he is admissible to the United States as a permanent resident. An alien applying for adjustment of status is assimilated to the position of an alien seeking to enter the United States for permanent residence, *Campos v. INS*, 402 F.2d 758, 760 (9 Cir., 1968).

The Service contends that the respondent is not admissible, but rather excludable under section 212(a)(9) because he was convicted in Greece of at least one crime involving moral turpitude—to wit, attempted fraud—and that this conviction does not fall within the exception for petty offenses contained in section 212(a)(9). In opposition, the respondent asserts that his conviction was not for a crime involving moral turpitude, but that, even if it had been, the offense was a misdemeanor, and by reason of the sentence actually imposed it was a petty offense and therefore within the section 212(a)(9) exception.

Section 212 states, in pertinent part:

> (a) Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: ... (9) Aliens who have been convicted of a crime involving moral turpitude (other than a purely political offense) .... Any alien who would be excludable because of the *conviction of a misdemeanor classifiable as a petty offense* under the provisions of section 1(3) of title 18, United States Code, *by reason of the punishment actually imposed,* or who would be excludable as one who admits the commission of an offense that is classifiable as a misdemeanor under the provisions of section 1(2) of title 18, United States Code, by reason of the punishment which might have been imposed upon him, may be granted a visa and admitted to the United States if otherwise admissible: *Provided,* That the alien has committed only one such offense. ... (Emphasis supplied.)

In order for the section 212(a)(9) exception to apply in this case, (1) the conviction must be for a crime involving moral turpitude;

267

(2) the crime must be a misdemeanor, 18 U.S. Code, section 1(3); (3) the misdemeanor must be classifiable as a petty offense by reason of the punishment actually imposed; and (4) there may be only one such conviction.

The record shows that the respondent was convicted in Greece of the offenses of threats, slight bodily injury, and insult. The special inquiry officer found, and we agree, that these offenses do not involve moral turpitude. The respondent was also convicted of an attempt to commit fraud,[1] and false statements without oath.[2] The Greek court found that the respondent had, in concert with another person, tried to pay for some goods with a $500 check which he knew was forged or which he knew had no cover at the bank on which it was drawn (it is not clear from the English translation whether or not forgery was involved, Exh. Group 3-4, pp. 5, 6-7—see below, p. 7). The shopkeeper whom he had attempted to pay with this check decided not to accept it without first ascertaining that it was genuine. The court also found that the respondent had subsequently made a false statement concerning his own identification to a passing policeman. For these offenses together he was sentenced to five months and 10 days, or, in lieu thereof, 100 drachmas for each day of the imprisonment.

To determine whether or not a crime committed in a foreign country involves moral turpitude, American standards must be applied, *Matter of M—*, 9 I. & N. Dec. 132, 134 (BIA, 1960). According to American standards, moral turpitude attaches to crimes where fraud is an ingredient, *Jordan v. De George*, 341 U.S. 223, 232, 71 S. Ct. 103, 95 L. Ed. 886, 893 (1951), such as false pretenses, *Bermann v. Reimer*, 123 F.2d 331, 332 (C.A. 2, 1941). Similarly, passing a bad check generally involves moral turpitude, *U.S. ex rel. Portada v. Day*, 16 F.2d 328 (S.D.N.Y., 1926), except where intent to defraud is not part of the crime as defined in the

---

[1] Article 386 of the Greek Penal Code of 1950 (Fraud) (Apaté):

(1) Whoever causes damage to the property of another with the intention of procuring unlawful benefit for himself or a third person by knowingly leading such other into an act, sufferance, or omission by means of representing falsehoods as facts or misrepresenting or concealing the existing facts, shall be punished by imprisonment for not less than three months and, if the damage is especially great, not less than two years. (Ex. Group 3-1, Analysis of Certain Aspects of Greek Criminal Law with Translations, p. 5.)

[2] Article 225 of the Greek Penal Code of 1950 (False Statements without Oath):

(1) ...

(2) Whoever, in other cases, knowingly makes false statements during an interrogation by a public authority or by his representative or in an application to a public authority or denies and/or conceals the truth shall be punished with imprisonment for up to one year. Whoever appears before a public authority and refuses a deposition or oath shall be punished with the same penalty. (*Id.*)

statute, *Matter of Colbourne*, 13 I. & N. Dec. 319 (BIA, 1969). If the basic crime is one of moral turpitude, so is the attempt to commit that crime. "An attempt involves specific intent to do the substantive crime . . ., and, if doing the latter discloses moral turpitude, so also does the attempt, for it is in the intent that moral turpitude inheres," *U.S. ex rel. Meyer* v. *Day*, 54 F.2d 336, 337 (C.A. 2, 1931).

We conclude that the respondent's conviction for attempted fraud is a conviction for a crime involving moral turpitude.

The next question concerns whether or not this crime is a misdemeanor. The classification of a crime committed in a foreign country as a misdemeanor or a felony, is likewise made according to United States standards; *i.e.*, the offense is examined in the light of the maximum punishment imposable for an equivalent crime described in Title 18 of the United States Code or, if an equivalent offense is not found there, Title 22 of the District of Columbia Code, *Matter of T—*, 6 I. & N. Dec. 508, 517 (A.G., 1955); *Matter of Adamo*, 10 I. & N. Dec. 593, 595 (BIA, 1964); *Giammario* v. *Hurney*, 311 F.2d 285, 286 (C.A. 3, 1962). A misdemeanor is any offense other than one punishable by death or by imprisonment for a term exceeding one year, 18 U.S.C. 1(1), (2).

The special inquiry officer found that the comparable crime in the United States was false pretenses, 22 D.C. Code 1301. The maximum punishment for this offense, if the value of the property is more than $100, is three years. The special inquiry officer then concluded that the crime in question was not a misdemeanor, but a felony, and hence that the section 212(a)(9) exception did not apply.

However, counsel has pointed out in his brief and at oral argument on appeal that the respondent was not convicted of the completed offense of false pretenses—and the Service concedes this—but only of an attempt to commit false pretenses. Concerning attempts the District of Columbia Code specifies that if an attempt is not otherwise made punishable by Title 22, then it is punishable by a fine of not more than $1,000 or imprisonment for not more than one year, or both, which makes the offense of attempt a misdemeanor. Attempt to commit the crime of false pretenses is not otherwise made punishable by the District of Columbia Code.

The Service now contends that the attempt at false pretenses of which the respondent was convicted is actually the crime of forgery, 22 D.C. Code 1401. Forgery carries a maximum penalty of 10 years and is therefore a felony. But the record of conviction—which is ambiguous, as mentioned above—says only that the respondent knew that the check was forged, not that he forged it. As for uttering or delivering a check with intent to defraud, also suggested as the equivalent of the Greek crime of which the

269

respondent was convicted, that is a misdemeanor, 22 D.C. Code 1410. Although this may describe what happened in Greece, it is not the crime for which the respondent was convicted there. In any case, this does not help the Service's argument.

The Service urges that the respondent was also convicted of falsely identifying himself to a police officer in connection with the attempted fraud. It is suggested that the equivalent of this crime in the District of Columbia Code is false personation before court, officers, notaries, 22 D.C. Code 1303.[3] In our opinion, false personation before court, officers, notaries implies false swearing and is not the equivalent of the Greek crime of false statements without oath.

From the foregoing we conclude that when American standards are applied to the crime for which the respondent was convicted in Greece, the equivalent crime is a misdemeanor. Consequently the petty offense exception applies, since the punishment actually imposed was less than six months or $500 or both.

Hence the respondent is not excludable under section 212(a)(9). Consequently, he is not statutorily ineligible for adjustment of status under section 245. The decision of the special inquiry officer, then, will be reversed, and we shall remand the case to him to act upon the respondent's application for adjustment of status.

ORDER: The case is remanded to the special inquiry officer so that he may act upon the respondent's application for adjustment of status, in exercise of the discretion vested in him as the duly authorized delegate of the Attorney General.

---

[3] Whoever falsely personates another person before any court of record or judge thereof, or clerk of court, or any officer in the District authorized to administer oaths or take the acknowledgment of deeds or other instruments or to grant marriage licenses, with intent to defraud, shall be imprisoned for not less than one year nor more than five years. (22 D.C. Code 1303.)