## MATTER OF MATA

### In Visa Petition Proceedings

### A-20840664

*Decided by Board November 28, 1975*

(1) In proceedings to revoke approval of a visa petition, the petitioner is entitled to the same rights to inspect the record of proceedings which constitutes the basis for the decision, to rebut the evidence contained therein, and to have his explanations, rebuttal, or evidence included in the record before the decision is rendered, as in the ordinary visa petition procedure. Although the regulations governing the procedure for revocation of a petition (8 CFR 205.3) are not so explicit, it is held that they incorporate the more detailed procedures set forth in 8 CFR 103.2(b).

(2) In the absence of indication in the instant revocation proceedings that petitioner's counterevidence was taken into consideration; that petitioner was aware of any discrepancies between her own statement and that of beneficiary, or that she had an opportunity to explain any apparent contradictions before decision was rendered, the record is remanded to afford petitioner an opportunity to examine the adverse evidence, to rebut it, and to offer additional evidence in behalf of her visa petition.

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner appeals from the July 9, 1975 decision of the district director revoking his prior approval of her application for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. The record will be remanded to the district director for further proceedings.

The petition was approved on July 18, 1973. On June 4, 1975 the district director notified the petitioner of his intention to revoke approval of the petition on the basis of an investigation conducted by the United States Consulate in Santo Domingo, Dominican Republic. He gave the petitioner 15 days to present any counterevidence which might prevent such action. On June 19, 1975 counsel for the petitioner submitted documentary evidence in response to the adverse information referred to by the district director in his notice of intention to revoke.

The district director's final decision is an almost verbatim repetition of the statement is his notice of intention to revoke. It is not clear from his decision whether or not he had taken the petitioner's counterevidence into consideration. Moreover, the summary reports of the American Consul in Santo Domingo, the Vice Consul, and another partially iden-

tified individual refer to inconsistencies in interviews and question-and-answer statements which do not show that the petitioner was aware of any discrepancies between her own statement and that of the beneficiary, or that she had an opportunity to explain any apparent contradictions for the district director's consideration before he made his decision. See 8 CFR 103.2(b)(2); *Matter of Holmes*, 14 I. & N. Dec. 647 (BIA 1974); *Matter of Arteaga-Godoy*, 14 I. & N. Dec. 226 (BIA 1972).

In proceedings to revoke approval of a visa petition, the petitioner is entitled to the same rights to inspect the record of proceedings which constitutes the basis for the decision, to rebut the evidence contained therein, and to have his explanations, rebuttal, or evidence included in the record of proceedings before the decision is rendered, as in the ordinary visa petition procedure. Although the regulations governing the procedure for revocation of a petition are not so explicit, 8 CFR 205.3, we hold that they incorporate the more detailed procedures set forth in 8 CFR 103.2(b).

Accordingly, we shall remand the record so that the petitioner may have an opportunity to examine the adverse evidence, to rebut it, and to offer additional evidence in behalf of her visa petition, and so that the district director, upon consideration of all the evidence, may render a new decision.

ORDER: The record is remanded to the District Director for further proceedings in accordance with the above opinion and for the entry of a new decision.

**Warren R. Torrington, Member, Concurring:**

I concur in the remand to the district director and in the holding that, in proceedings to revoke the approval of a visa petition, the petitioner is entitled to the rights which a petitioner has in original visa petition proceedings. However, I have found nothing in the provisions of 8 CFR 205.3 to support the majority's holding "that they 'incorporate' the more detailed procedures set forth in 8 CFR 103.2(b)"; and I, therefore, disagree with that—in my view, quite unnecessary—further holding.