## MATTER OF ESTIME

In Visa Petition Revocation Proceedings

### A-24522688

*Decided by Board August 12, 1987*

(1) Pursuant to section 205 of the Immigration and Nationality Act, 8 U.S.C. § 1155 (1982), a notice of intention to revoke approval of a visa petition is not properly issued unless there is "good and sufficient cause" and the notice includes a specific statement not only of the facts underlying the proposed action, but also of the supporting evidence.

(2) "Good and sufficient cause" for issuing such a notice exists when the evidence of record at the time of issuance, if unexplained and unrebutted, would warrant a denial.

(3) There is "good and sufficient cause" within the meaning of section 205 of the Act to revoke approval of a visa petition if the evidence of record at the time of the decision, including any explanation or rebuttal submitted by the petitioner, warrants a denial based on the petitioner's failure to meet his or her burden of proof.

(4) A decision to revoke approval of a visa petition will not be sustained where the notice of intention to revoke was not properly issued.

(5) A decision to revoke approval of a visa petition will be sustained where a petitioner fails to make a timely explanation or submission of evidence to the Immigration and Naturalization Service after receipt of a properly issued notice of intention to revoke.

ON BEHALF OF PETITIONER: Domenic J. Mizio, Esquire
Suite 1105
350 Broadway
New York, New York 10013

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as her husband under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982). In a decision dated February 13, 1986, the Immigration and Naturalization Service Regional Adjudications Center ("RAC") director revoked his prior approval of the visa petition on the ground that the petitioner's marriage to the beneficiary is not valid. The petitioner

450

has appealed. The record will be remanded to the RAC director for further proceedings.

The record reflects that the Service approved the visa petition on April 29, 1982, and that it was forwarded to the American consulate at Montreal. The consul returned the visa petition to the RAC director, noting a number of discrepancies between the parties' answers during a September 11, 1985, interview. In a letter dated January 2, 1986, the RAC director advised the petitioner that he intended to deny the petition, concluding on the basis of these discrepancies that there was substantial reason to doubt the bona fides of the petitioner's marriage to the beneficiary. *See Matter of McKee*, 17 I&N Dec. 332 (BIA 1980). That letter granted the petitioner 15 days to submit evidence to overcome the grounds for revocation of the visa petition because the petitioner apparently had not submitted any evidence or response.

On appeal, counsel for the petitioner contends that the petitioner did timely respond to the RAC director's notice of intention to deny. The petitioner submitted a copy of a January 13, 1986, letter, which was properly addressed to the Service. The date of notarization of the response establishes that it was prepared in a timely manner. This response addresses the discrepancies relied on by the RAC director in denying the petition.

Under section 205 of the Act, 8 U.S.C. § 1155 (1982), the Attorney General may, at any time, for what he deems "good and sufficient cause," revoke the approval of any visa petition. Those portions of the regulations relating to evidentiary requirements in visa petition proceedings apply, of course, to the revocation of approved visa petitions. Thus, with exceptions relating to classified information, the petitioner must be permitted to inspect the record of proceedings, must be advised of derogatory evidence of which he is unaware, and must be offered an opportunity to rebut such evidence and to present evidence in his behalf. Any such explanation, rebuttal, or evidence must be included in the record of proceedings. A determination of statutory ineligibility is not valid unless based on evidence contained in the record of proceedings. 8 C.F.R. §§ 103.2(b)(2), 205.2(b) (1987); *Matter of Mata*, 15 I&N Dec. 524 (BIA 1975) (construing 8 C.F.R. §§ 205.3, now 205.2(b), and 103.2(b)(2)); *see also Matter of Holmes*, 14 I&N Dec. 647 (BIA 1974); *Matter of Arteaga-Godoy*, 14 I&N Dec. 226 (BIA 1972).

In determining what is "good and sufficient cause" for the issuance of a notice of intention to revoke, we ask whether the evidence of record at the time the notice was issued, if unexplained and unrebutted, would have warranted a denial based on the petitioner's failure to meet his or her burden of proof. Further, pursu-

ant to 8 C.F.R. § 103.2(b)(2) (1987), the notice of intention to revoke must include a specific statement not only of the facts underlying the proposed action, but also of the supporting evidence (e.g., the investigative report).[1] Similarly, with respect to a decision to revoke, we ask whether the evidence of record at the time the decision was issued (including any explanation, rebuttal, or evidence submitted by the petitioner pursuant to 8 C.F.R. §§ 103.2(b)(2) or 205.2(b) (1987)) warranted such a denial. Where a notice of intention to revoke is based on an unsupported statement or an unstated presumption, or where the petitioner is unaware and has not been advised of derogatory evidence, revocation of the visa petition cannot be sustained, even if the petitioner did not respond to the notice of intention to revoke. Similarly, if these requirements are met and the petitioner fails to make a timely explanation or submission of evidence to the Service, after having been given a reasonable opportunity to do so, the Service's decision to revoke will be sustained, notwithstanding the submission of evidence on appeal. In such a case the revocation would be for "good and sufficient cause," as our review on appeal is of the record of proceedings before the RAC director.

On the record before him, the RAC director would have been warranted in concluding that the petitioner had failed to meet her burden of establishing that her marriage to the beneficiary was valid for immigration purposes. The notice of intention to revoke in this case outlines the facts on which the RAC director based his finding. Further, it is supported by evidence (a memorandum from the consul) which was furnished to the petitioner. The record does not appear to contain any derogatory evidence of which the petitioner is unaware.

However, the record indicates that the petitioner timely filed a response to the notice of intention to revoke. As the RAC director has not had an opportunity to review the petitioner's response, we will remand the record to the RAC director for further proceedings and the entry of a new decision.

ORDER: The record is remanded to the RAC director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

---

[1] In proceedings to revoke the approval of a visa petition, the burden of proof to establish eligibility for the benefit sought is on the petitioner. Matter of Cheung, 12 I&N Dec. 715 (BIA 1968); see also Matter of Brantigan, 11 I&N Dec. 493 (BIA 1966).