MATTER OF ARIAS

In Visa Petition Revocation Proceedings

A-24510614

*Decided by Board March 8, 1988*

(1) A decision to revoke approval of a visa petition can only be grounded upon, and the petitioner is only obliged to respond to, the factual allegations specified in the notice of intention to revoke.

(2) Observations of the consular officer that are conclusory, speculative, equivocal, or irrelevant to the bona fides of the claimed relationship between the petitioner and the beneficiary do not provide "good and sufficient cause" for the issuance of a notice of intention to revoke approval of a visa petition and cannot serve as the basis for revocation, notwithstanding the petitioner's failure to timely respond to the notice of intention to revoke.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated August 7, 1986, the Immigration and Naturalization Service Regional Service Center ("RSC") director revoked his prior approval of the visa petition filed by the United States citizen petitioner to accord the beneficiary immediate relative status as her husband pursuant to section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). The petitioner appealed from that decision and requested oral argument before the Board. The appeal will be sustained and approval of the visa petition will be reinstated. The petitioner's request for oral argument is denied.

The record reflects that the visa petition was approved on August 9, 1983, and was forwarded to the American Embassy in Santo Domingo, Dominican Republic. The Embassy returned the visa petition to the Service for possible revocation on the ground that the marriage between the petitioner and the beneficiary appeared, in the Embassy's view, to be a sham, entered into for the purpose of obtaining immigration benefits.

In a memorandum accompanying the returned petition dated February 4, 1986, the Embassy reported that the beneficiary was

unable to provide evidence that he had corresponded with the petitioner since leaving the United States in 1984.[1] At a later point, however, the memorandum stated that, at a subsequent interview, the beneficiary presented letters which "appear to have been" written by another person. Photographs submitted in support of the visa petition were declared to have been "unconvincing." The memorandum noted that the beneficiary was 49 years of age while the petitioner was 26 years old. The memorandum continued that local inquiry revealed that the beneficiary's first wife had lived in the United States for several years and "was possibly living with him" during his stay in this country. The beneficiary was said to have had photographs of his first wife taken in New York, "some of them dedicated to him." The beneficiary reportedly spends a great deal of time with his daughters by his first marriage and with his former mother-in-law. The memorandum observed that the petitioner had never been in the Dominican Republic and stated that neighbors of the beneficiary "were unaware of his divorce from his first wife and of his remarriage." The memorandum did note that twelve one-page letters, "possibly written by the petitioner," were submitted as evidence of a bona fide marriage.

In a notice of intention to revoke dated May 1, 1986,[2] the RSC director advised the petitioner that he proposed to revoke his approval of the visa petition on the following ground:

A local investigation conducted by the American Embassy at Santo Domingo revealed that the beneficiary's neighbors were unaware of his divorce from his first wife and his remarriage to you. According to his neighbors, you have never visited the beneficiary in the Dominican Republic.

The petitioner was given 15 days within which to offer evidence in opposition to the alleged basis for revocation. On August 7, 1986, noting that no reply had been received in response to the notice of intention to revoke, the RSC director revoked his approval of the visa petition on the ground that the stated basis for revocation had not been overcome.[3]

Under section 205 of the Act, 8 U.S.C. § 1155 (1982), the Attorney General may revoke the approval of any visa petition approved by him for what he deems to be "good and sufficient cause." This Board recently held that a notice of intention to revoke a visa peti-

---

[1] It appears that the beneficiary is ineligible for adjustment of status and that he had returned to the Dominican Republic for his visa interview following the approval of the visa petition.

[2] A copy of the Embassy's memorandum was enclosed with the notice of intention to revoke.

[3] The petitioner has, on appeal, offered a rebuttal to the allegations contained in the notice.

tion is properly issued for "good and sufficient cause" when the evidence of record at the time of issuance, if unexplained and unrebutted, would warrant a denial of the visa petition based upon the petitioner's failure to meet his burden of proof. *Matter of Estime,* 19 I&N Dec. 450 (BIA 1987). Assuming regulatory requirements have been satisfied,[4] the decision to revoke approval of a visa petition will be sustained, notwithstanding the submission of evidence on appeal, where a petitioner fails to offer a timely explanation or rebuttal to a properly issued notice of intention to revoke. However, where a notice of intention to revoke is based upon an unsupported statement or an unstated presumption, or where the petitioner is unaware and has not been advised of derogatory evidence, revocation of the visa petition cannot be sustained, even if the petitioner did not make a timely response to the notice of intention to revoke. *Id.*

In the instant case, the sole basis for the proposed revocation cited in the notice of intention to revoke was the statement, not further elaborated upon in the Embassy's memorandum, that the beneficiary's neighbors did not know that the beneficiary had divorced and remarried and that, according to the neighbors, the petitioner had not visited the beneficiary in the Dominican Republic. Hence, the revocation could only be grounded upon, and the petitioner was only obliged to respond to, those two factual allegations. 8 C.F.R. § 205.2(b) (1986). We find that the reasons stated in the notice of intention to revoke did not provide "good and sufficient cause" for the issuance of the notice and cannot serve as the basis for revoking approval of the visa petition, notwithstanding the petitioner's failure to respond in timely fashion to the notice. *Matter of Estime, supra.* Furthermore, we would have reached the same conclusion even had the RSC director relied upon the Embassy's memorandum in its entirety in his notice of intention to revoke.

The observations made in the memorandum are conclusory, speculative, equivocal, and, in at least one instance, *e.g.,* the beneficiary's frequent contacts with his daughters and former mother-in-law, irrelevant to the issue of the bona fides of the petitioner's marriage to the beneficiary. The observations are those of the consular officer, not the words of the person who conducted the actual investigation. Such observations are more appropriately made by the RSC director or this Board in reviewing the *factual* record. Spe-

---

[4] The notice of intention to revoke must include a specific statement of the facts and evidence underlying the proposed action, and the petitioner must be given an opportunity to counter such facts and evidence. *See generally Matter of Estime, supra;* 8 C.F.R. § 205.2(b) (1988).

cific, concrete facts are meaningful, not unsupported speculation and conjecture. Taken individually or collectively, the allegations as set forth in the memorandum did not provide a sufficient foundation for initiating revocation proceedings. The appeal will therefore be sustained. Approval of the visa petition will be reinstated.

**ORDER:** The appeal is sustained and the approval of the visa petition is reinstated.