In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1813

BULTASA BUDDHIST TEMPLE OF
CHICAGO, *et al.*,

*Plaintiffs-Appellants,*

*v.*

KIRSTJEN M. NIELSEN, Secretary of
Homeland Security, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 9378 — **John Z. Lee**, *Judge.*

ARGUED OCTOBER 30, 2017 — DECIDED DECEMBER 22, 2017

Before WOOD, *Chief Judge,* and BAUER and EASTERBROOK,
*Circuit Judges.*

BAUER, *Circuit Judge.* In October 2015, the Bultasa Buddhist
Temple of Chicago, Jung Eun Lee, and Soung Youl Cho
(collectively, "Appellants") filed this suit against the Secretary

of the Department of Homeland Security, the Attorney General, and the Director of United States Citizenship and Immigration Services (collectively, "Appellees"), seeking review of various actions related to Lee's and Cho's immigration status. The district court granted Appellees' motion to dismiss the complaint for lack of subject matter jurisdiction. We affirm.

## I. BACKGROUND

In November 2005, Cho was admitted to the United States as a nonimmigrant student on an F-1 visa, and Lee was admitted as his spouse on an F-2 visa. On March 17, 2006, Bultasa Buddhist Temple filed an I-129 petition with USCIS, seeking to obtain a nonimmigrant religious worker visa (R-1 visa) for Lee so that she could serve as the Temple's organist. That petition was sent to USCIS's California Service Center (CSC) and remained pending there for almost four years, despite Appellants' submission of a premium processing request.

Finally, on October 19, 2009, a CSC representative inquired whether the Temple was still interested in pursuing the petition. That representative informed the Temple that USCIS intended to approve the petition and retroactively amend Lee's status, such that she would have had lawful status from June 1, 2006, to May 31, 2009. The CSC representative also informed the Temple it would be allowed to apply for an extension for the remaining period of eligibility, which would run from June 1, 2009, to May 31, 2011. This arrangement would have given Lee lawful status continuously from June 1, 2006, to May 31, 2011.

The CSC then approved the Temple's original I-129 petition on October 22, 2009. The approval notice, however, stated that the R-1 visa was valid only until May 31, 2009. The Temple filed a petition to extend that visa on December 17, 2009, under the impression that CSC would approve the extension and apply it retroactively to a June 1, 2009, start date, per the arrangement described above. The CSC approved the extension, but only to start from May 11, 2010, and run until October 22, 2011. As a result, on the face of the visa and extension approvals, there was a gap in Lee's lawful status from June 1, 2009, to May 10, 2010.

This proved problematic when the Temple filed an I-360 petition on Lee's behalf seeking classification as a special immigrant religious worker in November 2010. The application stated that Lee had worked for the Temple since October 22, 2009. The CSC denied the application because Lee had worked for the Temple during a period when she did not have a valid visa (i.e., from October 22, 2009, to May 10, 2010). The Temple appealed the denial, but the Administrative Appeals Office dismissed the appeal on August 13, 2012.

Appellants then sought the assistance of United States Representative Michael Quigley, and on June 12, 2013, the Congressional Unit of the CSC agreed to amend Lee's status to indicate that her R-1 visa had been valid from June 1, 2009, to May 31, 2011, thereby eliminating the gap in her lawful status. On September 24, 2013, the CSC approved the I-360 petition.

On December 9, 2013, Lee filed an I-485 application with the CSC to adjust her status to become a lawful permanent resident. USCIS transferred the application from the CSC to the

Nebraska Service Center (NSC) in an effort to speed up the processing time. The NSC denied Lee's application on May 15, 2015, explaining that she had a status violation from October 23, 2011 (the day her R-1 visa expired), to December 8, 2013 (the day before she filed the I-485 petition).

Then, on January 20, 2016, USCIS informed Appellants of its intent to revoke the previous grant of the I-360 petition because Appellants had failed to establish that Lee had worked continuously in a qualifying religious occupation for a full two years immediately preceding the filing of the application. In response, Appellants stated that Lee did not have the requisite two years of work experience because the CSC had unreasonably delayed processing the initial application for over three and a half years. USCIS considered that response to be an admission that Lee did not have two years of continuous work experience and, therefore, revoked the prior approval of the I-360 application on March 29, 2016.

Appellants filed this suit, asserting claims under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 704, and 706. They sought review of the denial of Lee's I-485 application and USCIS's revocation of its prior approval of the Temple's I-360 application. Appellees moved to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(1), on the basis that the court lacked subject matter jurisdiction to review the agency actions at issue. The district court granted Appellees' motion, and Appellants timely appealed that decision.

## II. DISCUSSION

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). We review *de novo* a court's dismissal under Rule 12(b)(1). *Id.*

We first address Appellants' claims regarding the denial of Lee's I-485 application for lawful permanent resident status. Despite Appellants' arguments to the contrary, we are unable to review the denial of that application. Adjustment of status refers to the process, pursuant to 8 U.S.C. § 1255, by which an alien who has been admitted to the country may become a lawful permanent resident. Unfortunately for Appellants, however, the statute strips the courts of jurisdiction to review a decision made on an application under that section. Section 1252 specifically states that "no court shall have jurisdiction to review … any judgment regarding the granting of relief under section … 1255 of this title … ." *Id.* § 1252(a)(2)(B)(i). Therefore, the district court was correct to dismiss Appellants' claims pertaining to the denial of Lee's I-485 application for want of jurisdiction.

Appellants fare no better with their claims regarding USCIS's revocation of its initial approval of Lee's I-360 application. That application was made pursuant to 8 U.S.C. § 1154(a)(1)(G)(i), and Lee was granted a special immigrant visa under § 1153(b)(4). USCIS revoked that visa pursuant to its authority under § 1155, which states that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be

good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."

Once again, the statute bars the courts from reviewing this type of decision. Specifically, § 1252(a)(2)(B)(ii) states, in relevant part, that "no court shall have jurisdiction to review … any other decision or action of the … Secretary of Homeland Security the authority for which is specified under this sub-chapter to be in the discretion of the … Secretary of Homeland Security … ." In *El-Khader v. Monica*, 366 F.3d 562, 568 (7th Cir. 2004), we held that a decision to revoke a previously approved visa petition under § 1155 is expressly discretionary, and therefore § 1252(a)(2)(B)(ii) precludes our review. We affirmed that holding not long after in the case of *Holy Virgin Protection Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff*, 499 F.3d 658, 661 (7th Cir. 2007).

Appellants argue that, pursuant to their claim under § 706 of the APA, we can set aside the agency's decision because it was arbitrary and capricious and constituted an abuse of discretion. *See* 5 U.S.C. § 706(2)(A). However, Appellants cannot avoid the jurisdictional bar established by 8 U.S.C. § 1252 simply by raising a claim under that section of the APA. *See El-Khader*, 366 F.3d at 565 (noting that plaintiff sought review under 5 U.S.C. § 706). Regardless of the underlying merits of the decision, we do not have jurisdiction to review a discretionary revocation under § 1155. *Id.* at 568; *see also* 5 U.S.C. § 701(a)(2) (APA relief not available for actions "committed to agency discretion by law").

Appellants also argue that § 1155's requirement of "good and sufficient cause" for a revocation indicates that the

decision is not purely discretionary. That argument, however, is directly contrary to our holdings in *El-Khader* and *Holy Virgin*. We find no reason to depart from those holdings today and we are not persuaded by Appellants' attempts to distinguish them. The revocation at issue here is precisely the type of discretionary action that § 1252(a)(2)(B)(ii) bars from our review. *Holy Virgin*, 499 F.3d at 661; *El-Khader*, 366 F.3d at 568.

Although we lack jurisdiction to review the complaint in this case, we must confess that whatever group established this bureaucratic maze managed a new record in making life difficult for those seeking help from the government.

### III.  CONCLUSION

For the foregoing reasons, the district court's order dismissing the complaint for lack of jurisdiction is AFFIRMED.