In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 17-3521

JOHN DOE,

*Plaintiff-Appellant*,

*v.*

KEVIN K. MCALEENAN,
Acting Secretary of Homeland Security, et al.,

*Defendants-Appellees*.

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17 C 4190 — **John Robert Blakey**, *Judge*.

———————————

ARGUED MARCH 28, 2019 — DECIDED JUNE 17, 2019

———————————

Before RIPPLE, MANION, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Plaintiff John Doe, an Iranian national, petitioned for conditional permanent residency in 2013. He used the EB-5 admission category, which offers visas for immigrants who invest in new job-creating enterprises. The United States Citizenship and Immigration Service ("USCIS" or "agency") initially approved Doe's petition but revoked its approval roughly two years later.

Doe sought judicial review of the agency's actions under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*. But the district court concluded that Congress had stripped its jurisdiction to review discretionary revocations of visa petitions and dismissed Doe's suit. *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

We affirm. Doe relies on the narrow jurisdictional gateway offered by *Musunuru v. Lynch*, 831 F.3d 880 (7th Cir. 2016). In *Musunuru* we held that § 1252(a)(2)(B)(ii) doesn't preclude judicial review of purely procedural rulings during the adjudication of a visa petition. 831 F.3d at 887–88. But the ruling at issue here wasn't procedural. Doe is challenging the agency's substantive decision-making. And he cannot evade a jurisdiction-stripping statute by repackaging his substantive complaints as procedural objections.

## I. Background

Congress allocates visas under the EB-5 admission category for "qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise." 8 U.S.C. § 1153(b)(5)(A). To qualify, an alien must show that he "has invested … or[] is actively in the process of investing" the minimum amount of capital and that his investment "will … create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted." *Id.* The default capital requirement is $1 million, but $500,000 suffices for a project located in a "targeted employment area." *Id.* § 1153(b)(5)(C)(ii); 8 C.F.R. § 204.6(f)(2).

An alien seeking an EB-5 visa must file a petition using Form I-526. 8 C.F.R. § 204.6(a). If the petition is approved, he

receives a conditional form of permanent-resident status. 8 U.S.C. § 1186b(a)(1). But the USCIS "may, at any time, for what [it] deems to be good and sufficient cause," revoke an approved I-526 petition after providing notice and an opportunity to respond. *See id.* §§ 1155, 1154(a)(1)(H); 8 C.F.R. § 205.2. The agency's final revocation notice must be in writing and "explain[] the specific reasons for the revocation." 8 C.F.R. § 205.2(c).

John Doe submitted his petition on June 7, 2013. Doe and 23 other investors each deposited $500,000 in Golden Assisted Living EB-5 Fund, LLC, a "new commercial enterprise" under 8 C.F.R. § 204.6(j)(1). The enterprise, controlled by Attorney Taher Kameli, loaned the pooled $12 million to Golden Memory Care, Inc., which planned to construct an assisted-living center in Lake Barrington, Illinois. In August 2013 the USCIS issued Doe a Request for Evidence seeking additional information about the project. Doe's response notified the agency that the project had been "moved from Lake Barrington, Illinois to Fox Lake, Illinois, … due to several unforeseen issues." He claims that he provided an updated business plan and an Illinois state agency's letter certifying Fox Lake as a targeted employment area.

The USCIS approved Doe's petition on May 8, 2014, and Doe requested a visa through the United States Consulate in Abu Dhabi. But in January 2015, the State Department reviewed Doe's petition and returned it to the USCIS for review and possible revocation. The USCIS issued a Notice of Intent to Revoke on January 11, 2016. The agency explained that revocation is appropriate where "material changes … , if unexplained and unrebutted, would warrant a denial of the approved visa petition." The notice identified

two material changes. First, "[s]ubsequent to approving the petition, [the] USCIS discovered information that contradict[ed] evidence in the record"—namely, that the project had moved to Fox Lake. The agency asserted that Doe hadn't provided a business plan or targeted employment area certification for the new location. Second, the record contained no evidence that the Fox Lake center was under construction or would create ten jobs.

Doe disputed the agency's characterization. He had already notified the USCIS that the project had been relocated to Fox Lake, so the agency couldn't have "discovered" that fact after approving his petition. Doe claimed to have provided each piece of evidence the USCIS said was missing: an updated business plan, a targeted employment area certification, and a job-creation report. Finally, he challenged the legal basis for the agency's "material change" standard.

Unmoved, the agency issued a Notice of Revocation on March 31, 2016. But it erroneously referenced a different EB-5 project, also controlled by Kameli, that had relocated from Waukegan, Illinois to West Dundee, Illinois. Doe notified the USCIS of its error, and the agency issued a corrected document on June 7.

The corrected Notice of Revocation explained that Doe, as petitioner, bears the burden of establishing eligibility under the EB-5 program. And a petitioner's eligibility must be assessed based on his initial I-526 petition. So if he "asserts eligibility under a materially different set of facts that were not the basis for eligibility when the petition was *filed*, he or she must file a new petition." (Emphasis added.) Here, Doe's initial petition was based on a project in Lake Barrington. The USCIS again asserted that Doe "did not provide any

updates to the business plan or other evidence … that reflected the change of the location."[1] The agency acknowledged Doe's response to the notice, in which he provided evidence supporting the Fox Lake project's EB-5 qualifications. But it reiterated that "the record did not include any of that evidence … when the petition was approved." The agency determined, "based on the entire record of proceeding," that Doe was ineligible for an EB-5 visa. The USCIS advised Doe of his right to an administrative appeal under 8 C.F.R. § 205.2(d).

Rather than appeal the revocation, Doe filed a complaint in the Northern District of Illinois seeking judicial review under the APA on two grounds. First, he alleged that the USCIS committed "legal error" by citing inaccurate information and denying him "a meaningful opportunity to respond" to the Notice of Intent to Revoke. Second, he claimed that the USCIS "engaged in improper substantive rule-making" by using a "material change" standard that hadn't undergone notice and comment.

The government moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that §§ 1155 and 1252(a)(2)(B)(ii) bar judicial review of the revocation. Doe responded that his complaint challenged the agency's compliance with its mandatory procedures, not the substance of its decision, so the court retained jurisdiction under *Musunuru*.

---

[1] The agency failed to delete one of its erroneous references to the Kameli-controlled project that had relocated from Waukegan to West Dundee. In fact, the March and June documents are identical aside from the town names.

The district judge granted the motion, explaining that § 1252(a)(2)(B)(ii) precludes judicial review of a discretionary revocation of an approved visa petition. While *Musunuru* creates a narrow exception for purely procedural challenges, "a simple review of the complaint" revealed that Doe's claims were "not procedural but substantive." Doe appeals, again relying on *Musunuru*.

## II. Discussion

We review a dismissal for lack of subject-matter jurisdiction de novo, drawing all reasonable inferences in favor of the plaintiff. *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017).

Under § 1252(a)(2)(B)(ii),

> no court shall have jurisdiction to review … any … decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of [that official], other than the granting of relief under section 1158(a) of this title.

In *El–Khader v. Monica*, we held that revocations under § 1155 are discretionary "decision[s] or action[s]" within the meaning of § 1252(a)(2)(B)(ii). 366 F.3d 562, 567–68 (7th Cir. 2004).

The statute's plain language compelled that conclusion: The Secretary, acting through the USCIS, "may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." § 1155. It's hard to imagine a clearer grant of discretion. The statute says the Secretary "may" revoke a

previously approved visa petition "at any time" and for any reason he "deems to be good and sufficient cause." This language commits the revocation decision to the agency's sole and unreviewable discretion; a court has no standard by which to test "good and sufficient cause." *El–Khader*, 366 F.3d at 567.

We have repeated that analysis in subsequent cases. *See Holy Virgin Prot. Cathedral of the Russian Orthodox Church Outside Russia v. Chertoff*, 499 F.3d 658, 661 (7th Cir. 2007) (explaining "that decisions to revoke visas previously approved under § 1154 are unequivocally committed to [agency] discretion"). And we recently reiterated that a plaintiff "cannot avoid the jurisdictional bar … simply by raising a claim under … section [706] of the APA. Regardless of the underlying merits of the decision, we do not have jurisdiction to review a discretionary revocation under § 1155." *Bultasa Buddhist Temple*, 878 F.3d at 574 (citation omitted).

The USCIS revoked Doe's petition under § 1155. And a petition for conditional permanent residency under the EB-5 program is approved "under section 1154 of this title." *See* § 1154(a)(1)(H). Doe concedes as much. So under § 1252(a)(2)(B)(ii) we lack jurisdiction to review the agency's revocation of his I-526 petition.

However, jurisdiction-stripping statutes don't prohibit judicial review of *every* dispute between the USCIS and applicants for immigration benefits. In *Calma v. Holder*, we considered § 1252(a)(2)(B)(i), which bars judicial review of a defined set of immigration-agency actions, including removal proceedings. 663 F.3d 868 (7th Cir. 2011). We explained that "there are identifiable circumstances under which a *critical procedural step* in a removal proceeding … lies within

our jurisdiction even though we are barred from evaluating the [agency's] ultimate decision." *Id.* at 876–77 (emphasis added). But we lack jurisdiction if "it is impossible to distinguish the challenged action from the determination on the merits." *Id.* at 877. In other words, "judicial review is foreclosed … if the agency's rationale for denying the procedural request also establishes the petitioner's inability to prevail on the merits of his underlying claim." *Id.* at 876.

Doe rests his entire case on *Musunuru v. Lynch*, in which we imported *Calma*'s reasoning to the § 1252(a)(2)(B)(ii) context. Srinivasa Musunuru had a temporary work authorization when he sought permanent residency. 831 F.3d at 882–83. His employer, Vision Systems Group, filed a visa petition and labor certification on his behalf. The USCIS approved both. *Id.* at 884. Four years later Musunuru left Vision Systems for Crescent Solutions, which filed a replacement petition. The agency approved that petition too. But when Vision Systems' principals pleaded guilty to unlawfully hiring aliens, the USCIS revoked the company's labor certifications—including Musunuru's. *Id.* at 885. The agency mailed a Notice of Intent to Revoke to the defunct company, so Musunuru never saw it. When Vision Systems didn't respond, the agency notified Crescent Solutions that "Musunuru's work experience with [Vision Systems] was not genuine[,] and therefore the approval of Crescent Solutions' [visa] petition … should be revoked." *Id.*

Musunuru submitted rebuttal evidence but the agency denied his visa petition. He moved for reconsideration, arguing that he should have received notice and an opportunity to respond to the notice mailed to Vision Systems. The USCIS concluded that Musunuru lacked standing to bring

that challenge because as the *beneficiary* of the petition, rather than the *petitioner* himself, he was not an "affected party" entitled to notice under 8 C.F.R. § 103.3(a)(1)(iii)(B). Musunuru brought an APA suit. The USCIS argued that §§ 1155 and 1252(a)(2)(B)(ii) precluded judicial review. The district court found jurisdiction but dismissed the suit on the merits.

The agency repeated its jurisdictional argument on appeal. Relying on *Calma*, we rejected it:

> [The] USCIS's rationale for denying Musunuru these procedures was that he is not the petitioner. That rationale, by itself, does not prevent Musunuru from prevailing on the merits of his underlying claim, which is that the I-140 petition filed on his behalf by [Vision Systems] was not fraudulent and should not have been revoked. Therefore, judicial review is not foreclosed. In other words, [the] USCIS's rationale concerns only the regulatory procedures and not the merits of its decision to revoke the petition. Musunuru does indeed contend that he can prevail on the merits of his underlying claim … , but we are not reviewing that contention. On the contrary, we are reviewing [the] USCIS's decision to deny him the opportunity to challenge the revocation. Ergo, we have jurisdiction to review Musunuru's claims.

*Musunuru*, 831 F.3d at 887–88. Two other circuits reached similar conclusions when confronting this specific procedural issue. *See Mantena v. Johnson*, 809 F.3d 721, 729 (2d Cir.

2015); *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014).

In sum, we've recognized a narrow jurisdictional path for challenging purely *procedural* rulings. In *Calma* we asserted jurisdiction over discrete "procedural step[s]." 663 F.3d at 877 (citing as examples "the denial of a continuance … , the denial of a motion to reconsider, a refusal to remand, or a refusal to reopen a case"). So we can review the immigration agency's resolution of a specific procedural dispute during an administrative adjudication. *See Musunuru*, 831 F.3d at 888. But even then we lack jurisdiction if the rationale under-lying the agency's procedural ruling would also resolve the merits of the petitioner's application. *Id.* at 887 (quoting *Calma*, 663 F.3d at 876).

*Calma* and *Musunuru* do not, however, open the door to challenging discretionary revocations on nominally "proce-dural" grounds. Courts may review identifiable procedural rulings that don't implicate a petition's merits. But a plaintiff cannot sidestep § 1252(a)(2)(B)(ii) by artfully framing a challenge to the agency's substantive decision as a proce-dural claim. Imagine the USCIS asks a visa applicant to verify a fact supporting his EB-5 petition. The applicant responds with a self-prepared affidavit. Unconvinced, the agency revokes the petition anyway. The alien might frame an APA complaint in "procedural" terms, alleging that the USCIS violated its own regulations by failing to consider his affidavit. But at bottom that's a substantive challenge to the agency's weighing of the evidence, which Congress has immunized from judicial scrutiny.

Doe alleges that the USCIS violated several regulations governing the revocation process. *See* 8 C.F.R. §§ 205.2(b)–

(c), 103.2(b)(16)(i). He also cites a pair of agency opinions restating the regulatory language. *See In re Arias*, 19 I. & N. Dec. 568 (BIA 1988); *In re Estime*, 19 I. & N. Dec. 450 (BIA 1987). The regulations address the basic notice-and-response requirements that the USCIS must follow when deciding whether to revoke a visa petition. Everyone agrees that the agency formally complied with those regulations. It gave Doe an opportunity to rebut the Notice of Intent to Revoke, and it provided a written explanation of its reasoning in the Notice of Revocation.

Doe concedes that the USCIS followed this procedural framework. He maintains that his opportunity for response was an empty formality: by incorrectly stating the facts and the law, the agency denied him a "legitimate opportunity to challenge" the revocation. He also argues that the language used in the Notice of Intent to Revoke and Notice of Revocation betrays underlying procedural violations. As he sees it, even a facial review of the agency's papers would reveal that the USCIS disregarded its own procedures.

But § 1252(a)(2)(B)(ii) bars us from combing the *substance* of the agency's decision in search of a lurking procedural violation. To overcome the jurisdictional bar, Doe has repackaged a set of substantive complaints about the merits of the agency's action as a set of procedural violations. Unlike in *Musunuru* where the USCIS denied the petitioner "the *opportunity* to challenge the revocation," the agency did not "deny[] [Doe] … procedures," such as notice, an opportunity to respond, or an administrative appeal. *See* 831 F.3d at 887–88 (emphasis added). Nor did it make an identifiable procedural ruling that might arguably qualify for review under *Musunuru*. The USCIS simply evaluated the "entire record of

proceeding" in Doe's case and revoked his petition for what it deemed "good and sufficient cause."

For all his "procedural" framing, what Doe *really* wants is judicial review of the revocation under the APA's arbitrary-and-capricious standard. *See* 5 U.S.C. § 706(2)(A). Indeed, his arguments mirror the factors we consider when applying that standard of review. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (examining whether the agency "offered an explanation … that runs counter to the evidence … or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise"). We've already established that courts cannot use that standard to evaluate discretionary revocations under § 1155. *See Bultasa Buddhist Temple*, 878 F.3d at 574 (citing *El–Khader*, 366 F.3d at 565).

Taken to its logical conclusion, Doe's approach would eviscerate § 1252(a)(2)(B)(ii). Any petitioner dissatisfied with a final agency decision could secure judicial review by alleging that the agency committed a procedural violation by overlooking favorable evidence. *Musunuru* doesn't stand for that proposition, and we won't adopt it here. Doe's complaint challenges the agency's substantive decision-making, not its application of a procedural rule during administrative adjudication. Merely citing the Code of Federal Regulations doesn't convert a substantive challenge into a procedural one. The district court's dismissal for lack of jurisdiction is

AFFIRMED.