**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 21, 2022

***Before***

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1526

| | |
|---|---|
| DANIEL HAWK, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 21-C-1301 |
| REBECCA BURR and BUREAU OF | |
| INDIAN AFFAIRS, | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Daniel Hawk has been living on land in the Stockbridge-Munsee Indian Reservation in Wisconsin that is held in trust by the United States. Hawk believes that his neighbor wants the Bureau of Indian Affairs to evict him. He sued his neighbor and the Bureau in federal court, seeking to prevent an as-yet unfiled eviction action. The

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

district court correctly dismissed Hawk's suit because his claim is not ripe; thus, we affirm.

The following facts we accept from Hawk's well-pleaded allegations, drawing all reasonable inferences in his favor. *See Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). Hawk began camping out on a plot of trust land after his mother asked him to take care of a garage there. Rebecca Burr, who lives nearby, found Hawk's presence threatening. She went to tribal court seeking an injunction against Hawk's occupation, alleging that Hawk had trespassed on her land and tried to set a boobytrap to kill her. The tribal court dismissed the case for insufficient evidence. Burr then petitioned a state court for a similar injunction, but that court dismissed the second case on preclusion grounds.

Meanwhile, the tribal president of the reservation wrote to Diane Baker at the Bureau of Indian Affairs requesting an investigation into Hawk's occupation of the trust land. Two months later, the Bureau issued a "Notice of Trespass—Order to Cease and Desist" to Hawk. Baker signed the notice and informed Hawk that he was trespassing on trust land, that he had 30 days to vacate the land, and that the Bureau "may" take action to recover possession. The notice invited Hawk to submit "evidence that this Notice was issued in error," and concluded that if the Bureau "determine[s] this Notice was issued in error, we will withdraw the Notice."

Hawk responded to the Bureau's notice by suing Burr and Baker in federal court. He alleged that Baker issued the notice at Burr's behest in an illegal attempt to sidestep what he calls his tribal and state-court victories. Hawk asked the district court to enforce the tribal court's order and prevent Burr and Baker from trying to evict him.

The district court granted Baker's motion to dismiss because the case was not ripe. It first reasoned that the claim against Baker was best construed as a premature challenge to a federal administrative action under the Administrative Procedure Act, 5 U.S.C. §§ 551–59. Because the notice said that eviction was only possible, the court ruled that the notice was not a "final agency action" under 5 U.S.C. § 704 and thus a claim under the Act was not ripe. The court then concluded that it had to dismiss the claim against Burr for lack of federal jurisdiction.

On appeal, Hawk unpersuasively insists that his claim against Baker is ripe. Hawk has not identified a basis for a claim against her personally. Rather, he appears to be contesting the Bureau's decision to issue the notice. As the district court rightly observed, a federal agency's decision can put the Administrative Procedure Act in play,

but "a challenge to agency conduct is ripe only if it is filed after the final agency action. 5 U.S.C. § 704." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1079 (7th Cir. 2016). A final action is not "tentative or interlocutory;" it is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Menominee Indian Tribe of Wis. v. Env't Prot. Agency*, 947 F.3d 1065, 1070 (7th Cir. 2020) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). The notice that the Bureau gave Hawk, however, does not reflect a final agency decision. It is provisional because it advises that, although the Bureau "may" take action to evict him as an alleged trespasser, it will "withdraw" the notice if he proves to the Bureau his right to occupy the land. Because by its own terms this notice was not a final agency action, Hawk's claim for relief from the notice was not ripe for judicial review.

Hawk responds that his challenge to the notice is ripe because an eviction will impose a severe hardship. To determine if a case is ripe, courts consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Sweeney v. Raoul*, 990 F.3d 555, 560 (7th Cir. 2021) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)). Our focus, though, is not on the hardship of an eviction—which may never occur—but on the hardship of withholding adjudication of the Bureau's notice. Hawk will not face hardship if the federal courts allow that notice—and its invitation to Hawk to furnish evidence to the Bureau that he is entitled to occupy the land—to stand. And, contrary to Hawk's allegation, the notice did not ignore any court ruling, because neither the tribal court nor state court ruled that Hawk is entitled to occupy the land.

Finally, on appeal Hawk does not seem to dispute the dismissal of Burr. Nonetheless, to be complete, we agree with the district court that Hawk failed to plead a basis for federal jurisdiction for a claim against Burr. The party asserting jurisdiction has the burden of establishing it. *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). Hawk has identified no jurisdictional basis for a claim against Burr, and none is apparent. We also deny Hawk's pending motion to stay the case.

AFFIRMED